**L & R DISTRIBUTING CO., INC., et al., Plaintiffs-Respondents,**

v.

**MISSOURI DEPARTMENT OF REVENUE, et al., Defendants-Appellants.**

No. 63863.

Supreme Court of Missouri, Division No. 2.

March 29, 1983.

Rehearing Denied April 26, 1983.

John Ashcroft, Atty. Gen., Richard Wieler, Asst. Atty. Gen., Jefferson City, for defendants-appellants.

H. Kent Munson, Stolar, Heitzmann, Eder Seigel & Harris, St. Louis, for plaintiffs-respondents.

ROBERT E. SEILER, Senior Judge.

Defendants, the Missouri Department of Revenue and the Director of Revenue, seek review of a judgment of the circuit court finding them guilty of civil contempt for violating a 1974 injunction prohibiting the taxation of gross receipts of coin-operated amusement devices such as pinball machines. The 1974 injunction was affirmed in *L & R Distributing, Inc. v. Missouri Department of Revenue*, 529 S.W.2d 375 (Mo.1975) (*L & R Distributing I*). Defendants challenge the judgment of contempt on three grounds: (1) that contempt is the improper remedy because plaintiffs are actually seeking a declaratory judgment on the validity of Rule 12 CSR 10–3.176[1] of

---

1. Rule 12 CSR 10–3.176 provides in pertinent part as follows:

(1) Receipts from admission are subject to the sales tax. Admission includes, but is not limited to, any entrance charges, accommodation charges and fees to gain entrance to any place of amusement, entertainment, and recreation. Examples are theaters, operas, concerts, shows, athletic contests and events, zoos, dances, roller and ice skating rinks, billiard and pool halls, bowling alleys, card and other games, swimming pools, golf courses, circuses, carnivals, fairs, parks, amusement parks, resorts and other recreational attractions and entertainment, including cover charges in night clubs and other eating and drinking establishments.

(2) All fees paid in or to a place of entertainment, recreation, games or athletic events are subject to tax even if the fees or charges are paid for participation in the activity or event.

(3) Some examples of fees which are taxable if paid in or to a place of amusement, etc. include billiards, bowling, amusement rides,

the Revenue Department which, for the first time, construed § 144.020.1(2)[2] of the Sales Tax Law as imposing the tax upon the gross receipts of coin-operated amusement devices *located in places of amusement;* (2) that the decision in *Blue Springs Bowl v. Spradling,* 551 S.W.2d 596 (Mo. banc 1977), diminished or reversed the decision in *L & R Distributing I;* and (3) that Rule 12 CSR 10–3.176 correctly interprets § 144.020.1(2). Because this appeal involves the construction of a state revenue statute, this court has jurisdiction pursuant to Mo. Const. art. V, § 3. We reverse and remand with directions.

The facts are stipulated. Plaintiffs own and operate pinball machines and other coin-operated devices in St. Louis and St. Louis County. These devices are placed in "restaurants, confectionaries, bowling alleys, hotels, motels, bus stations, airports and other similar places frequented by the general public." By agreement with the various proprietors, plaintiffs receive a percentage of the gross receipts from the devices. From 1937 to 1974, the Department did not attempt, nor was it its practice, to collect a tax on proceeds from coin-operated devices as such. On information, the same was true from 1933 to 1937. The Department issued rules interpreting the Sales Tax Act and in so doing promulgated Rule No. 49 (issued in 1972 as a successor to prior rules dating back to 1934), which specifically exempted receipts derived from pinball and other slot machines (which provision, or similar provisions, was included in the said prior rules dating back to 1939). Effective May 1, 1974, the Department promulgated Revised Rule No. 49, which included as sales subject to state sales tax receipts derived from pinball machines and other coin-operated amusement devices. The instant plaintiffs filed a declaratory judgment action seeking to invalidate the revised rule,

for an injunction, and for the return of sales taxes paid under protest. On December 24, 1974, the circuit court entered its order and judgment granting plaintiffs the relief prayed. It declared the revised rule invalid insofar as it purported to tax the proceeds in question, adjudged that the statute does not impose such a tax, enjoined defendants "from collecting or attempting to collect from Plaintiffs a sales tax on proceeds derived from the use of pinball machines and other coin operated amusement devices . . .", and ordered a refund of the amounts collected. That judgment was affirmed in *L & R Distributing I.*

Effective January 1, 1976, the Department promulgated Sales Tax Rule 10–3.176, which specifically exempted from taxation receipts from coin-operated amusement devices. Subsequent to the promulgation of Sales Tax Rule 10–3.176, the Department directed its employees and agents to assess and collect state sales tax on receipts from coin-operated devices if such devices are located in places of amusement, entertainment, or recreation. Defendants have caused audits of various businesses with respect to sales tax relating to coin-operated amusement devices located in places of amusement, entertainment, and recreation, and have demanded the payment of sales tax on receipts therefrom. Effective January 1, 1981, the Department promulgated Rule 12 CSR 10–3.176, which interprets § 144.020.1(2) as imposing sales tax upon the gross receipts of coin-operated amusement devices located in places of amusement, etc. Section 144.020.1(2) has not been substantively changed since the injunction entered on December 24, 1974.

On March 5, 1981, plaintiffs filed a motion for order of contempt, which averred that the promulgation of Rule 12 CSR 10–3.176 violated the 1974 injunction. The trial court declared that the decision in *Blue*

green's fees, tennis court fees, helicopter sightseeing rides, pinball machines, juke boxes, coin-operated movies and television, and other coin-operated amusement devices.

2. Section 144.020.1(2), RSMo Supp.1982, which has not been substantively changed since the entry of the injunction upon which this con-

tempt action is based, provides as follows: "A tax equivalent to three percent of the amount paid for admission and seating accommodations or fees paid to, or in any place of amusement, entertainment or recreation, games and athletic events . . . ."

94

*Springs Bowl v. Spradling, supra,* which held that receipts received from bowling in commercial bowling establishments were taxable, did not diminish, reverse, or modify the decision in *L & R Distributing I* and that § 144.020.1(2) does not tax the proceeds of coin-operated machines. The trial court further found promulgation of Rule 12 CSR 10–3.176 to be in complete disregard of the 1974 order and, therefore, found defendants in civil contempt.

At the outset, we address the question of whether, as plaintiffs contend and the trial court believed, *L & R Distributing I* rules the decision herein and that the decision in *Blue Springs Bowl* did not diminish, modify, or reverse the holding in *L & R Distributing I.* If so, we need do no more than so recognize and state, which would then require a determination of whether contempt is the proper remedy.

In *L & R Distributing I,* the issue was whether § 144.020.1(2) [3] imposed a sales tax on gross receipts from coin-operated devices such as pinball machines placed in "restaurants, confectionaries, bowling alleys, hotels, motels, bus stations, airports and other similar places." The court pointed out that two elements are essential to taxation under § 144.020.1(2). First, that there be fees or charges. Second, that such fees or charges be paid *in or to* a place of amusement, etc. 529 S.W.2d at 328. The court was of the view that places such as a hotel lobby, restaurants, bus stations, and airports are not, within normal contemplation, places of amusement or entertainment, and rejected defendants' argument that such places are converted into places of amusement, etc., by the installation of coin-operated devices. Thus, the second part of the two element test was lacking, *i.e.,* that there be fees or charges paid in or to a place of amusement, etc. Therefore, the court reasoned that the statute did not impose a sales tax on receipts from those devices as such. *Id.*

We are convinced that the holding of *L & R Distributing I* that the statute does not tax the proceeds of coin-operated devices *as such,* is valid. However, we do not believe this compels the conclusion that the statute precludes taxing the fees paid for using coin-operated amusement devices *located in places of amusement, etc.* That issue simply was not presented in *L & R Distributing I* and we are inclined to accept defendants' argument that the proceeds of coin-operated amusement devices located in places of amusement, etc., *are* taxable under § 144.020.1(2). This determination is bolstered by the decision in *Blue Springs Bowl.*

In *Blue Springs Bowl,* the court was again confronted with an issue requiring the construction of § 144.020.1(2). The issue there was whether fees paid in commercial bowling establishments *for bowling* are taxable.[4] The court first decided that the decision in *L & R Distributing I* did not control the result in the case, reasoning that *L & R Distributing I* only decided whether the statute applied to impose a tax on coin-operated devices located both in recognized places of amusement and elsewhere. The court concluded that the issue before it was more narrow because commercial bowling establishments are recognized places of amusement. 551 S.W.2d at 598.

The court in *Blue Springs Bowl* concluded that the language of the statute is clear and unambiguous when applied to the facts stipulated in the case. In so doing, the court expressly rejected taxpayers' proposed construction of the words "fees paid to, or in" to encompass only those charges paid for reserved seats and tables after admission to a place of amusement. The court reasoned that such a construction would dictate the result that the words "fees paid to, or in" did not give any additional meaning to the statute and that the

---

**3.** A detailed discussion of the legislative history of this part of the Sales Tax Law may be found in this court's earlier opinion, 529 S.W.2d at 377.

**4.** The administrative and legislative history with respect to coin-operated amusement devices is essentially the same as that for bowling. Compare *L & R Distributing I* at 377 with *Blue Springs Bowl* at 598–602.

legislature, by adding these additional words, did a useless thing. Rather, the court pointed to the preceding language of the statute that taxed receipts from the amounts paid for admission and seating accommodations, and concluded that the additional words plainly impose a tax on such other fees as are paid to or in places of amusements. In other words, the statute applies to *all* such fees paid to or in a place of amusement, etc. *Id.* at 599.

In this case, which is not unlike *Blue Springs Bowl,* we do not have an attempt to impose a tax on fees received for using coin-operated amusement devices as such. Rather, the precise single question is whether fees paid in places of amusement for using coin-operated amusement devices are taxable. As noted, this question was not examined in *L & R Distributing I.* Hence, the situation here is not comparable to the one considered in *L & R Distributing I.* It follows that the attempt by the Department to construe the statute so broadly in the earlier case and the resulting holding that receipts from coin-operated amusement devices *as such* are not taxable does not dictate a result in this case.

In determining whether § 144.-020.1(2) imposes a sales tax on fees paid for using coin-operated amusement devices located in places of amusement, etc. and whether Rule 12 CSR 10–3.176 correctly interprets and applies the statute, we apply several well established rules of statutory construction. The primary rule is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words in their plain and ordinary meaning. Where the language of a statute is plain and ad-

mits of but one meaning, there is no room for construction. *Blue Springs Bowl* at 598. Tax laws are to be construed strictly against the taxing authority; however, that rule does not require that statutory language be ignored and not given meaning that reasonably accords with the apparent intention of the legislature as expressed in the statute. *State ex rel. Thompson-Stearns-Rogers v. Schaffner,* 489 S.W.2d 207, 215 (Mo.1973).

Following these precepts, we conclude that the language of § 144.020.1(2) is clear and unambiguous when applied to the facts stipulated in this case. As held in *Blue Springs Bowl,* the statute plainly provides for a sales tax to be imposed: (1) on sums paid for admission to places of amusement, etc.; (2) on amounts paid for seating accommodations therein; and (3) on *all* fees paid to, or in places of amusement, etc. *Blue Springs Bowl* at 599. By analogy, the circumstances here are no different from those in *Blue Springs Bowl.*

Cognizance is taken of plaintiffs' proposition that the legislature is presumed to have adopted the Department's earlier administrative interpretation that such fees did not include receipts from coin-operated devices because such interpretation was adopted in *L & R Distributing I* and the statute was reenacted thereafter. While reenactment is presumed to adopt prior administrative interpretation that is buttressed by judicial construction by the court of last resort, *Blue Springs Bowl* at 600–01, inasmuch as *L & R Distributing I* does not control here, we cannot say that the legislature adopted plaintiffs' interpretation of the statute.[5]

---

**5.** The court in *Blue Springs Bowl* observed that to presume adoption of administrative interpretation by legislative reenactment alone would lead to anomalous results, especially where the statute was reenacted following two antithetical Department rules. 551 S.W.2d at 601. The court also discounted taxpayers' argument that legislative inaction in not adopting amendments to the statute (twice during the period from 1937–1974), which would have stated expressly that bowling receipts were taxable, shows a legislative intent not to tax such re-

ceipts. The court stated that if the statute were ambiguous, such legislative history could be considered as an aid to construction. However, the court observed that "reliance on bills not passed provides a tenuous basis for determining legislative intent," reasoning that without a record to explain the purpose for which the bill is introduced or a record of debate on the bill when considered, examination of the enactments would not reveal why the legislature rejected a proposed bill. The court further noted that the bills could have been rejected

Because we have held that § 144.020.1(2) imposes a tax upon the receipts of coin-operated amusement devices located in places of amusement, etc., it follows that promulgation of Rule 12 CSR 10–3.176, being a proper interpretation of the statute insofar as it pertains to coin-operated amusement devices, was not in disregard of the 1974 injunction. Thus, without deciding whether contempt was the appropriate remedy, we hold that the judgment of civil contempt is reversed and remand with directions to the trial court to set aside the judgment of contempt.

HIGGINS, J., concurs.

WELLIVER, P.J., concurs in result in separate opinion filed.

BLACKMAR, J., not participating because not a member of the court when cause was submitted.

WELLIVER, Judge, concurring in result.

I concur in the result. I am not persuaded that the rule in question falls within the parameters of the statute, but I do believe that contempt is an improper remedy. Inherent in the rulemaking authority is the authority to promulgate rules that may subsequently be declared invalid.

I make two observations regarding today's decision. First, the principal opinion does not decide whether a tax may be imposed in any specific instance. Such a decision would necessarily depend upon facts developed more fully than those stipulated here. Second, it is unnecessary to consider in this case whether for tax purposes there is a rational basis for distinguishing between pinball machines and other such devices located in places of amusement and those located elsewhere.

because it was felt that the language already used was clear and unambiguous and no

amendment was necessary. *Id.* at 601–02.