**Richard A. KING, Director of Revenue, State of Missouri, Appellant,**

v.

**Nicholas FRANCO and the Administrative Hearing Commission of Missouri, J. William Campbell, Commissioner, Respondents.**

No. 46058.

Missouri Court of Appeals, Eastern District, Division Four.

June 7, 1983.

Richard L. Wieler, Jefferson City, for appellant.

Nicholas Franco, pro se.

SMITH, Judge.

The Director of Revenue appeals from a decision of the Administrative Hearing Commission that the taxpayer, Franco, was entitled to a refund of use tax paid. We reverse.

The facts were stipulated. In March 1977, Franco executed a lease agreement with Allstate Leasing for rental of a Cadillac Seville. The rental agreement was executed in Maryland. In addition to his $311 monthly rental Franco agreed to pay Allstate $12 monthly for sales and use taxes. The agreement was for 36 months and provided that after that term Franco could terminate the lease by returning the vehicle at which time it would be sold. If the vehicle sold for more than the depreciated value (specified in the lease at $4790) Franco would receive the excess; if sold for less he would pay the deficiency. The lease allowed Franco to purchase the vehicle which he did for $4700 on Feb. 1, 1980. On April 5, 1980, Franco moved to Missouri and was allowed to register the vehicle only upon payment of local and state taxes, including a state use tax. He then sought a refund which was refused by the Director of Revenue. On appeal to the Commission, the refund was ordered.

Sec. 144.440, RSMo. 1978, at that time imposed a tax, equivalent to 3% of the purchase price of a motor vehicle, for the privilege of using the highways of this state. The Hearing Commission concluded that the exemption to this tax provided for in Sec. 144.450, RSMo. 1978, applied. Sec. 144.450 in pertinent part provides:

"In order to avoid double taxation under the provisions of sections 144.010 to 144.510, any person who purchases a motor vehicle or trailer in any other state and seeks to register it in this state shall be credited with the amount of any sales tax or use tax shown to have been previously paid by him on the purchase price of such motor vehicle or trailer in such other state. The tax imposed by section 144.440 shall not apply . . . to motor vehicles . . . brought into this state by a person moving any such vehicle into Missouri from another state who shall have registered and in good faith regularly operated said vehicle . . . in said other state at least ninety days prior to the time it is registered in this state . . . ."

■ Tax exemption statutes are construed strictly against the taxpayer. *Lawyer's Assn. of St. Louis v. City of St. Louis*, 294 S.W.2d 676 (Mo.App.1956) [6, 7]. In *State ex rel. Transport Manufacturing & Equipment Co. v. Bates*, 359 Mo. 1002, 224 S.W.2d 996 (Mo. banc 1949) [3, 4] the taxing scheme of Missouri on motor vehicles was explained as follows:

"A sales tax is one imposed at the time of purchase. A use tax presupposing ownership, is an excise imposed on the enjoyment of property in a contemplated manner. But the sales taxes and use taxes . . . are naturally related. In their very characteristic they are designed and enacted to supplement and complement each other . . . . The two taxes . . . tax different phases of the privilege of purchasing, owning and using motor vehicles upon the highways of the State." *See also King v. L & L Marine Service, Inc.*, 647 S.W.2d 524 (Mo. banc 1983) [1].

In *National Dairy Products Corp. v. Carpenter*, 326 S.W.2d 87 (Mo.1959) [2, 3], the Court stated that it understood the tax levied by Sec. 144.140 to apply to all transactions where a motor vehicle is the subject of an exchange or sale contract. The taxing event is not the vehicle itself but the sale of it. That taxing event may occur more than once for any given vehicle.

■ The record does not indicate that Franco paid any sales tax in Maryland at

the time he purchased the vehicle from Allstate. His lease with Allstate and his purchase from Allstate were two different transactions from a tax standpoint. He did not purchase the car for purposes of taxation under Sec. 144.450 until February 1, 1980. His payments under the lease were not tax payments made on the purchase of the car on that date, the taxing event for purposes of the sales tax. His purchase on that date was no different from a tax standpoint than if the vehicle had been sold to a third party. Because the tax component of the lease payments were not sales or use tax payments on lessee's purchase of the vehicle, the credit portion of Sec. 144.-450 does not apply.

■ The separate 90-day exemption on the use tax presupposes ownership for that period and registration as an owner. Franco did not own the car for ninety days prior to the time he registered it in Missouri. There is no indication that he ever registered the car in Maryland after occurrence of the taxing event, his purchase. The exemption of Sec. 144.450 does not apply to Franco.

Judgment reversed.

PUDLOWSKI, P.J., and KELLY, J., concur.