**Robert Philip SPUDICH, d/b/a Columbia Billiard Center, Appellant,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

No. 69393.

Supreme Court of Missouri, En Banc.

Feb. 17, 1988.

Rehearing Denied March 15, 1988.

Harry D. Boul, Columbia, for appellant.

William L. Webster, Atty. Gen., Melodie A. Powell, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERTSON, Judge.

This case presents three issues for review: (1) whether a billiard center which derives substantial revenues from food and beverage sales is nevertheless a place of amusement, entertainment, or recreation within the meaning of Section 144.020.1(2), RSMo 1986, thus subjecting coin-operated amusement devices therein to sales tax; (2) whether Section 144.020.1(2) violates the Equal Protection Clause of the Fourteenth Amendment; and (3) whether billiard tables purchased for display and possible resale are exempt from use tax pursuant to Section 144.615(6), RSMo 1986. The Administrative Hearing Commission found all issues against the taxpayer. This case in-

volves the construction of the revenue laws of this state. We have jurisdiction. Mo. Const. art. V., § 3. Affirmed.

## I.

The facts are stipulated. Robert Spudich ("Spudich") is the sole proprietor of Columbia Billiard Center and Spudich Supply Co., both located in Columbia, Missouri. Spudich maintains billiard tables upon which customers may play for a fee. The amount of the fee depends on the length of time a customer plays. In addition to sales of billiard table playing time, Spudich sells food and beverages to his customers, sells and repairs billiard tables and equipment and operates eight coin-operated game devices. From these businesses Spudich realizes revenues as follows:

| Activity | Percentage Total Revenue |
| --- | --- |
| Food and Beverage Sales | 50% |
| Equipment Sales and Repair | 24% |
| Pool Playing Time Charges | 23% |
| Coin–Operated Amusements | 2% |
| Miscellaneous | 1% |

To further sales of billiard tables, Spudich purchased billiard tables out-of-state, but remitted no use tax. Spudich permitted no playing on these tables, which were intended for display. According to the stipulation "the tables are used to solicit orders, but one may be sold if that particular table is the last of its kind in inventory, or the customer wants that specific table." Spudich took both depreciation and an investment tax credit on these "display" tables on his federal income tax returns.

Spudich remitted sales tax on fees paid for billiard table playing time; he paid no sales tax on fees paid to operate the coin-operated amusement devices contained in the billiard center. The Director assessed sales tax against the revenues generated by the coin-operated amusement devices. In addition, the Director determined that Spudich owed use tax on the billiard tables held for display and possible sale.

## II.

Section 144.020.1(2) provides in pertinent part:

A tax is hereby levied and imposed upon all sellers for the privilege of engaging in the business of selling tangible personal property or rendering taxable service at retail in this state. The rate of tax shall be as follows:

\* \* \* \* \* \*

(2) A tax equivalent to four percent of the amount paid for admission and seating accommodations, *or fees paid to, or in any place of amusement, entertainment or recreation,* games and athletic events;

[Emphasis added.]

The Director promulgated 12 C.S.R. 10–3.176, which provides in pertinent part:

(7) A place of amusement, entertainment, or recreation is defined as any place where any facilities are provided (not including coin-operated amusement devices, except as indicated in this rule) for entertainment, amusement, or sports. (8) Examples of places of amusement, entertainment, or recreation include, but are not limited to ... *billiard halls,* ...

[Emphasis added.]

A trilogy of cases is important to our consideration. In *L & R Distributing, Inc. v. Missouri Department of Revenue*, 529 S.W.2d 375 (Mo.1975) (*L & R Distributing I*), this Court faced the question whether Section 144.020.1(2) imposed a sales tax on the gross receipts of coin-operated games placed in " 'restaurants, confection areas, bowling alleys, hotels, motels, bus stations, airports and other similar places.' " *Id.* at 376. The Court gave "defendants the benefit of the doubt" and considered the statute as though it were ambiguous as to the meaning of "a place of amusement, entertainment or recreation." The Court held that such places are not, "within normal contemplation, a place of amusement or entertainment, and that [such places are] not converted into such by the installation of *a* pinball machine." [Emphasis added.] *Id.* at 378. The Court found that Section 144.020.1(2) required that two elements be

present before a sales tax may be levied: (1) that there be fees or charges and (2) that such fees be paid in or to a place of amusement, entertainment or recreation. Under the facts of the case, the second element was lacking; no sales tax was due.

In *Blue Springs Bowl v. Spradling,* 551 S.W.2d 596, 597 (Mo. banc 1977), the issue was whether Section 144.020.1(2) imposes a tax on receipts derived from fees or charges paid for participating in the activity of bowling at commercial bowling establishments. The Court there found the statute unambiguous and that a commercial bowling establishment is clearly "within one or more of the categories of places of 'amusement, entertainment or recreation' mentioned in the statute." *Id.* at 598.

Finally, in *L & R Distributing v. Missouri Department of Revenue,* 648 S.W.2d 91 (Mo.1983) (*L & R Distributing II*), this Court ruled that "the proceeds of coin-operated amusement devices located in places of amusement, etc., are taxable under Section 144.020.1(2)," [Emphasis added.] *Id.* at 94.

This case presents a question not answered in prior cases. Here, we are required to consider the meaning of the phrase "places of amusement, entertainment or recreation." More precisely, the issue is whether a billiard center, which derives more than half its revenues from services and sales other than fees paid for the purchase of billiard playing time, is a place of amusement, etc., within the meaning of Section 144.020.1(2).

■ There being no statutory definition for a place of amusement, we turn to familiar canons of construction for assistance. The purpose of statutory construction is to seek the intent of the legislature. *Metro Auto Auction v. Director of Revenue,* 707 S.W.2d 397, 401 (Mo. banc 1986). Statutes relating to taxation are strictly construed against the taxing authority and in favor of the taxpayer. *Goldberg v. Administrative Hearing Commission,* 609 S.W.2d 140, 144 (Mo.1980). Words used in statutes, absent statutory definition, are given their plain and ordinary meaning derived from the dictionary. *Metro Auto*

*Auction,* 707 S.W.2d at 401. Appropriate weight and consideration are given to administrative interpretations of statutes where the meaning of a statute is uncertain. *State ex rel. Jackson County v. Public Service Commission,* 532 S.W.2d 20, 28 (Mo. banc 1975); *Foremost–McKesson, Inc. v. Davis,* 488 S.W.2d 193, 197 (Mo. banc 1972).

"Amusement" is defined as a "pleasurable diversion: entertainment." Webster's Third New International Dictionary, 74 (1966). "Entertainment" means "something that diverts, amuses, or occupies the attention agreeably." *Id.* at 757. "Recreation" is "a means of getting diversion or entertainment." *Id.* at 1899.

12 C.S.R. 10–3.176(7) defines a place of amusement as any place where "any facilities are provided (not including coin-operated amusement devices ... for entertainment, amusement or sports." 12 C.S.R. 10–3.176(8) includes billiard halls within its examples of places of amusement.

Spudich argues that his business derives but twenty-three percent of its revenues from billiard playing time charges. It cannot be, he therefore argues, primarily a place of amusement, entertainment or recreation since, based on his revenues, the billiard center is primarily a restaurant. Spudich's argument retains its persuasive force only to the extent that Section 144.020.1(2) permits taxation only of fees paid within locations which are primarily or exclusively places of amusement.

As previously described, this Court found that the installation of *a* pinball machine in a location not considered, "within normal contemplation," a place of amusement did not convert such location into a place of amusement. *L & R Distributing I,* 529 S.W.2d at 378. We recognize, however, that a location or an activity can partake of a dual nature. *Fostaire Harbor, Inc. v. Missouri Department of Revenue,* 679 S.W.2d 272, 273 (Mo. banc 1984), held that an activity can be both a source of education and entertainment or recreation and that "[t]hese are not mutually exclusive. [citation omitted] ... '[I]f in fact a place or facility provides something edifying or edu-

cational in addition to enjoyment, entertainment or amusement, it is no less a place of amusement.' "

■ Within normal contemplation, it is beyond cavil that a billiard center is a place of amusement. Spudich holds his business out to the public as a billiard center; it is access to billiard playing equipment which attracts Spudich's patrons. The provision of food and drink to those patrons and the sales and service of billiard equipment are both consistent with and incidental to the operation of a billiard center. The fact that revenues from the sale of food and drink exceed revenues from the sale of billiard table playing time does not vitiate the billiard center's character as a place of amusement.

Based on both the plain, ordinary meaning of the relevant statutory language and consistent with administrative interpretations of that language, we conclude that Spudich's billiard center is a place of amusement within the meaning of Section 144.020.1(2). We thus hold that the proceeds of coin-operated amusement devices contained within Spudich's Billiard Center are taxable under Section 144.020.1(2).

### III.

■ Having found fees paid to operate Spudich's coin-operated amusement devices taxable under Section 144.020.1(2), we now consider his equal protection challenge to the statute. Spudich argues that Section 144.020.1(2) discriminates against places of amusement by taxing fees paid to operate coin-operated amusement devices in such places, while failing to tax coin-operated amusement devices not located in places of amusement. He claims that there is no rational basis for the distinction. Spudich's equal protection argument is, we think, impotent.

"Where taxation is concerned and no specific federal right, apart from equal protection, is imperiled, the States have large leeway in making classifications and drawing lines which in their judgment produce reasonable systems of taxation." *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 359, 93 S.Ct. 1001, 1003, 35 L.Ed. 2d 351 (1973).

Section 144.020.1(2), of course, makes no mention of coin-operated devices; nor does the statute define a place of amusement. As we have previously said, taxation under Section 144.040.1(2) is based on two elements: (1) the payment of fees (2) in or to a place of amusement, entertainment or recreation. The statute thus excludes from taxation only those coin-operated devices which are operated in places which are not places of amusement.

This case decides that a location need not be a place of amusement exclusively to subject fees paid for the operation of coin-operated amusement devices therein to sales tax. *See* discussion at II, *supra*. In *L & R Distributing I*, 529 S.W.2d 375, this Court held that a location is not converted into a place of amusement "by the installation of *a* pinball machine." (Emphasis added). In *Bally's LeMan's Family Fun Centers, Inc. v. Director of Revenue*, 745 S.W. 2d 683 (Mo. banc 1988), we held that a location used exclusively for playing coin-operated amusement devices is a place of amusement under Section 144.020.1(2). Implicit in this Court's interpretations of Section 144.020.1(2), *see L & R Distributing I, L & R Distributing II, Bally's LeMan's Family Fun Centers, Inc., Fostaire Harbor, Inc.*, and today's holding, is the concept that at some point,[1] the installation of a sufficient number of coin-operated amusement devices in any location is sufficient to bring the fees paid for amusement therein within the sales tax law. This

---

1. We make no attempt in this case to draw a well-defined line of demarcation between places of amusement subject to sales tax and those locations in which amusement activity is so insignificant as to escape taxation. Each case must be considered on its own particular facts. Factors important for consideration in the inquiry whether a location in a place of amusement include the manner in which the location holds itself out to the public, the amount of revenue generated by amusement activities, and the pervasiveness of the amusement activities conducted at the location. This list is not exhaustive. Other factors may, of course, be considered as circumstances dictate.

Court's analyses of Section 144.020.1(2) thus find a legislative intent to treat only those locations in which amusement activities comprise more than a *de minimus* portion of the business activities of the location as places of amusement for sales tax purposes.

Seen in this light, the distinction in taxation which Spudich decries is attributable to the legislature's recognition that the burdens and expenses of collecting sales tax from locations in which the fees collected for coin-operated amusement devices are minimal, significantly outweigh the financial benefits to the state resulting from an across-the-board application of the sales tax to all coin-operated amusement devices. It is reasonable for the state to adopt a system of taxation which efficiently husbands its financial resources, even if that system allows some to escape taxation altogether.

Section 144.020.1(2) is thus analogous to statutes which base tax classifications on quantity. This Court has repeatedly sustained the constitutionality of such reasonable classifications against equal protection attacks. *Bopp v. Spainhower,* 519 S.W.2d 281 (Mo. banc 1975); *Crane v. Riehn,* 568 S.W.2d 525 (Mo. banc 1978); *Associated Industries v. State Tax Commission,* 722 S.W.2d 916 (Mo. banc 1987).

The system of taxation imposed in Section 144.020.1(2) is reasonable; no equal protection violation exists. The point is denied.

## IV.

Finally, we consider Spudich's use tax claim. Section 144.610, RSMo 1986, provides in pertinent part:

A tax is imposed for the privilege of storing, using or consuming within this state any article of tangible personal property ... in an amount equivalent to the percentage imposed on the sales price in the sales tax law in section 144.-020 ...

Section 144.615(6), RSMo 1986, exempts from the use tax

Tangible personal property held by processors, retailers, importers, manufactur-ers, wholesalers, or jobbers *solely for resale* in the regular course of business, ...

[Emphasis added.]

The stipulation entered by the parties provided that "the tables are used to solicit orders, but one may be sold if that particular table is the last of its kind in inventory, or the customer wants that specific table."

Taxation is the rule; exemptions from taxation are the exception. Tax exemption statutes are, therefore, construed strictly against the taxpayer. *Missouri Church of Scientology v. State Tax Commission,* 560 S.W.2d 837, 844 (Mo. banc 1977); *King v. Franco,* 653 S.W.2d 259, 260 (Mo.App.1983). The burden is on the taxpayer to prove that his property falls within an exempted class. *City of St. Louis v. State Tax Commission,* 524 S.W. 2d 839, 844 (Mo. banc 1975). Courts may not read exemptions into a tax that do not clearly appear. *State ex rel. Conservation Commission v. LePage,* 566 S.W.2d 208, 211 (Mo. banc 1978). Exemptions are thus allowed only to the extent they are clearly and expressly authorized by the language of the statute.

We find the language of Section 144.615(6) clear and unambiguous. The exemption is available only for items purchased "solely for resale." The stipulation indicates that the billiard tables in question were purchased primarily as display items to solicit orders for billiard tables; resale is incidental to this purpose and, according to the stipulation, occurs only under unusual circumstances. The Administrative Hearing Commission correctly decided that the Section 144.615(6) exemption is not available to Spudich under the stipulated facts. That decision is affirmed.

## V.

The decision of the Administrative Hearing Commission is affirmed.

BILLINGS, C.J., and BLACKMAR, RENDLEN and HIGGINS, JJ., concur.

DONNELLY, J., dissents.

WELLIVER, J., dissents in separate opinion filed.

WELLIVER, Judge, dissenting.

I respectfully dissent and adopt as my dissent in this case, my dissent filed in *Bally's Leman's Family Fun Centers, Inc. v. Director of Revenue,* 745 S.W.2d 683 (Mo. banc 1988), handed down contemporaneously herewith.