**BALLY'S LEMAN'S FAMILY FUN CENTERS, INC., Appellant,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

**No. 69373.**

Supreme Court of Missouri,
En Banc.

Feb. 17, 1988.

As Modified on Denial of Rehearing
March 15, 1988.

Roger J. Barbieri, Vito C. Barbieri, Kansas City, for appellant.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERTSON, Justice.

The issue in this case is whether fees paid for the operation of coin-operated games in places of amusement are subject to sales tax under Section 144.020.1(2), RSMo 1986. Bally's LeMan's Family Fun Center, Inc. ("Bally") challenges the Director of Revenue's assessment of sales tax on the proceeds of its coin-operated games. The Administrative Hearing Commission upheld the Director's assessment. Because this case involves the construction of the revenue laws of this state, we have jurisdiction. Mo. Const. art. V., § 3. Affirmed.

I.

The facts are stipulated. Bally operates eight fun centers in shopping malls or "strip" shopping centers throughout Missouri. Each such fun center occupies approximately 4000 square feet of geographically separated space at each location. Each location contains only coin-operated games, the majority of which are video-type games. Each location houses more than forty such games. No admission is charged for entry into a fun center. The Director assessed a sales tax on Bally's proceeds from the operation of the coin-operated devices.

The Administrative Hearing Commission found that Bally's fun centers were places of amusement. The Commission upheld the Director's sales tax assessment. Bally sought review in this Court.

## II.

Section 144.020.1(2) provides:

A tax is hereby levied and imposed upon all sellers for the privilege of engaging in the business of selling tangible personal property or rendering taxable service at retail in this state. The rate of tax shall be as follows:

*     *     *     *     *     *

(2) A tax equivalent to four percent of the amount paid for admission and seating accommodations, *or fees paid to, or in any place of amusement,* entertainment or recreation, games and athletic events....

[Emphasis added].

As an interpretation of Section 144.020.-1(2), the Director promulgated 12 C.S.R. 10–3.176, which provides in pertinent part:

(6) No sales tax shall be imposed upon receipts derived from coin-operated amusement devices unless such devices are located within places of amusement, entertainment or recreation.

(7) A place of amusement, entertainment or recreation is defined as any place where any facilities are provided (not including coin-operated amusement devices, except as indicated in this rule) for entertainment, amusement or sports.

*     *     *     *     *     *

(9) Some examples of places which would not normally be treated as a place of amusement include laundromats, restaurants, taverns, hotel and motel lobbies, department stores, airport lobbies and gas station lobbies, etc. However, if a location which would not normally be treated as a place of amusement has a department, room or similar area which is geographically separated and set aside from the rest of the location through the use of walls, partitions, screens, fences or other such partitioning, for the conduct of amusement, recreation, entertainment or athletic events, then such geographically separate place only may be treated as a place of amusement. However, no such geographically separated or set aside area shall be treated as a place of amusement, recreation or entertainment by reason of its containing coin-operated amusement devices, unless such geographically separated area contains more than fifteen (15) coin-operated amusement devices.

Bally argues that Section 144.020.1(2) is "ambiguous or clearly excludes sales tax on coin-operated machines ...", that 12 C.S.R. 10–3.176(7) cures the ambiguity by defining a place of amusement "as any place where any facilities are provided (not including coin-operated amusement devices) ..." and that nevertheless, 12 C.S.R. 10–3.-176(9) violates equal protection by defining a place of amusement as *only* those geographically separated areas containing more than fifteen coin-operated devices.

Bally's argument, of course, depends on the existence of an ambiguity in Section 144.020.1(2). In the absence of such ambiguity, the intent of the legislature is found from the clear language of the statute. And in the absence of an ambiguity, construction of the statute to seek the contrary legislative intent urged by Bally is not warranted.

In *L & R Distributing Co. v. Missouri Dep't of Revenue,* 648 S.W.2d 91, 95 (Mo. 1983) (*L & R Distributing Co. II*), this Court said:

The language of Section 144.020.1(2) is clear and unambiguous when applied to the facts stipulated in this case. As held in *Blue Springs Bowl* [*v. Spradling,* 551 S.W.2d 596, 599 (Mo. banc 1977)], the statute plainly provides for a sales tax to be imposed: (1) on sums paid for admission to places of amusement, etc.; (2) on amounts paid for seating accommodations therein; and (3) on *all* fees paid to, or in places of amusement, etc.

[Emphasis in original]. Bally's fun centers are places of amusement; amusement is the raison d'etre of the enterprise. Moneys paid to Bally to operate its coin-operated devices are, therefore, "fees paid to, or in places of amusement." The circumstances here are no different from those found in either *Blue Springs Bowl* or *L & R Distributing II.* Under the stipulated facts here, Section 144.020.1(2) is not ambiguous.

Because we find no ambiguity in Section 144.020.1(2) under these facts and because that statute expresses a legislative intent to tax all fees paid in places of amusement, 12 C.S.R. 10–3.176 adds nothing to our consideration of the validity of the tax assessed. We, therefore, need not address Bally's attack on the constitutional validity of the regulation.

The decision of the Administrative Hearing Commission is affirmed.

BILLINGS, C.J., and BLACKMAR, RENDLEN and HIGGINS, JJ., concur.

DONNELLY, J., concurs in result.

WELLIVER, J., dissents in separate opinion filed.

WELLIVER, Justice, dissenting.

I respectfully dissent.

Missouri first enacted a sales tax in 1933 which taxed the "[s]ales of admission tickets, cash admissions, charges and fees to places of amusement, games and athletic events." 1933–1934 Mo.Laws, Extra Session 157. In 1935, the section was changed to read "the amount paid, for admission and seating accommodations to any place of amusement, entertainment or recreation, games and athletic events," 1935 Mo. Laws 415, and "[s]ale at retail" included "sales of admission tickets, cash admissions, charges and fees to places of amusement, entertainment and recreation, games and athletic events." 1935 Mo. Laws 414. In 1937, the statute was again amended to tax "the amount paid, for admission and seating accommodations, or fees paid to, or in any place of amusement, entertainment or recreation, games and athletic events." 1937 Mo. Laws 557. Except for amendments raising the rate of the tax, the statute remains unchanged on the books today, codified as § 144.020.1(2), RSMo 1986.

Until 1974, no Director of Revenue ever attempted to impose a sales tax on revenues from coin-operated machines. On May 1, 1974 the Director promulgated Revised Rule No. 49 which interpreted the sales tax law as imposing a sales tax on "any fees, or charges received for the use of any facility or property in any place of amusement, entertainment, or recreation, such as pinball machines, and any other coin operated amusement devices, rides in carnivals and horseback riding." The tax was challenged in *L & R Distributing, Inc. v. Missouri Department of Revenue*, 529 S.W.2d 375 (Mo.1975) (hereinafter *L & R I*). The challenge to the taxing of the coin-operated machines was filed by the owners of the machines as a declaratory judgment action. The Court stated: "This action involves the validity of Revised Rule No. 49 of the Revenue Department which, for the first time, construed § 144.020.1(2) of the Sales and Use Tax Law as imposing the tax upon the gross receipts of coin-operated devices such as pinball machines." *Id.* at 375–76. The Director argued that the gross receipts from coin-operated devices or pinball machines were to be taxed because the presence of the machines converted a place into a place of amusement. *Id.* at 378. The court stated:

We do not believe that the legislature intended any such broad and strained construction of "place of amusement." To us, the contrary seems much more reasonable,—that a hotel lobby, a restaurant, a motel, a bus station or an airport is *not*, within normal contemplation, a place of amusement or entertainment, and that it is not converted into such by the installation of a pinball machine. The machines are movable and frequently are moved. Thus, we are convinced that, since the fees must have been paid *in a place of amusement*, etc., the statute certainly does not clearly and plainly (as defendants say) impose the tax. While we are inclined to feel that wording of the statute plainly *excludes* the tax, we shall give defendants the benefit of the doubt and consider the statute as though it were ambiguous, as did the trial court.

*Id.*

The Court then considered prior legislative and administrative construction of § 144.020.1(2) and concluded:

[t]hose interpretations, both administrative and legislative, strongly support the view that such a tax is not imposed, and thus more firmly convince us that the

legislature did not *intend* to impose the tax on coin-operated machines. The ascertainment of that intent is our ultimate goal. And no one is better qualified to find and state that intent than the legislature itself. For at least 37 years the Revenue Department claimed no such tax and, in fact, promulgated Rules excluding the tax. In two separate sessions the legislature *rejected* amendments which would have imposed the tax; that action is much more decisive than mere non-action, and clearly shows the legislature's view of its own intent. Our own view of the statute is that it does not tax the proceeds of coin-operated machines, and this view is so strongly reinforced that we have no hesitancy in ruling, as we now do, that the Act does not impose a sales tax on pinball or other coin-operated machines.

*Id.* at 379.

Factually, the Director of Revenue, the legislature and this Court in *L & R I,* for 37 years construed this statute as not taxing coin-operated machines. The principal opinion seeks to rely on intervening cases [1] of this Court to arrive at the conclusion that this same statute now does tax coin-operated machines, unless the proceeds are *di minimus* as compared with total proceeds of the operator's overall business. If the identical words of a statute can in 1975, and for 37 years prior thereto, be interpreted as not imposing a tax on proceeds of coin-operated machines, and in 1988 be interpreted as *imposing* a tax, then surely there is sufficient ambiguity to require that we give something more than lip service to the most basic and fundamental rule of statutory construction—that "[s]tatutes relating to taxation are strictly construed against the taxing authority and in favor of the taxpayer." *Spudich v. Director of Revenue,* 745 S.W.2d 677 (Mo. banc 1988) (quoting *Goldberg v. Administrative Hearing Commission,* 609 S.W.2d 140, 144 (Mo.1980)). Judicial taxation by the spoonful through a series of cases is no more condonable than a megadose of taxation by judicial interpretation administered in a single case.

This case and *Spudich* handed down contemporaneously herewith, represent the most flagrant taxation without representation. They result in taxation by judicial interpretation, not taxation by legislative enactment by duly elected representatives of the people.

During my years in the practice, it has been my observation that periodically the Director of Revenue has rewritten the regulations of the Department of Revenue, each time seeking to broaden the taxable base, generally without benefit of amendment of the taxing statutes. Prior to *L & R I,* the Director first adopted old Regulation 49 and here, Regulation 12 CSR 10–3.-176. It is of interest to note that the Court here found it unnecessary to reach the Regulation relied on by the Director of Revenue and in *Spudich,* taxed 12 coin-operated pool tables contrary to 12 CSR 10–3.176.9 which excepts coin-operated machines where there are less than 15 or more machines.[2]

So long as this Court continues to approve of taxation by regulation or taxation by judicial interpretation, it is an exercise

---

**1.** *Blue Springs Bowl v. Spradling,* 551 S.W.2d 596 (Mo. banc 1977) and *L & R Distributing v. Missouri Department of Revenue,* 648 S.W.2d 91 (Mo.1983).

**2.** *PURPOSE: This rule interprets the sales tax law as it pertains to taxation of fees paid in or to places of amusement, entertainment and recreation. Examples are provided for clarification of interpretations.*
(1) Any amount paid for admission and seating accommodations or fees or charges paid in or to a place of amusement, entertainment, recreation, games or athletic events are subject to sales tax.
. . . .

(6) No sales tax shall be imposed upon receipts derived from coin-operated amusement devices unless such devices are located within places of amusement, entertainment or recreation.
. . . .
(9) . . . However, no such geographically separated or set aside area shall be treated as a place of amusement, recreation or entertainment by reason of it containing coin-operated amusement devices, unless such geographically separated area contains more than fifteen (15) coin-operated amusement devices.
12 CRS 10–3.176(1), (6), (9).

in futility for either the executive or legislative branches to spend tax money attempting to attract business and industry to our state of Missouri. Business is no more attracted to taxation without representation than were the original American colonists.

The cause should be reversed.