## WALSWORTH PUBLISHING COMPANY, INC., Respondent,

v.

## DIRECTOR OF REVENUE, Appellant.

### No. 78769.

Supreme Court of Missouri, En Banc.

Dec. 17, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Erwin O. Switzer, III, Asst. Atty. Gen., St. Louis, for Appellant.

Matthew J. Verschelden, Erich P. Hahn, Elizabeth J. Keenan, Kansas City, for Respondent.

BENTON, Judge.

The Director of Revenue assessed sales tax of $37,777.26, plus interest of $10,984.62, on Walsworth Publishing Company, Inc. for its purchases of phototypesetting paper. On cross-motions for summary determination, the Administrative Hearing Commission ruled that this paper was "equipment" exempt from sales tax under § 144.030.2(4), RSMo 1994.[1] Reversed and remanded. *Mo. Const. art. V, § 3.*

### I.

Walsworth, a Missouri corporation, uses phototypesetting paper to produce yearbooks for school and commercial custom-

1. All references are to *Missouri Revised Statutes* 1994.

ers. To create a single yearbook page, Walsworth makes a "page composition" of the text and captions. The page composition is then transferred onto a sheet of phototypesetting paper. This specially-coated paper is next "developed" by a chemical processor. The phototypesetting paper is then photographed and never used again. Walsworth transfers the negative of the photograph to a printing plate that produces a yearbook page. Each yearbook page requires a new sheet of phototypesetting paper because the paper is not usable for any purpose after being photographed.

## II.

■ Section 144.030.2(4) exempts from sales tax:

Machinery and equipment, and the materials and supplies solely required for the installation or construction of such machinery and equipment, replacing and used for the same purposes as the machinery and equipment replaced by reason of design or product changes, which is purchased for and used directly for manufacturing or fabricating a product which is intended to be sold ultimately for final use or consumption;

Section 144.030.2(4) has existed since 1961. *1961 Mo. Laws 623–24, amended by 1977 Mo. Laws 328, now codified as § 144.030.2(4).* Although this Court has addressed other requisites of § 144.030.2(4), no reported case defines "equipment" under § 144.030.2(4). *See Concord Publishing House, Inc. v. Director of Revenue,* 916 S.W.2d 186, 190 (Mo. banc 1996); *Galamet, Inc. v. Director of Revenue,* 915 S.W.2d 331, 333 (Mo. banc 1996); *Bridge Data Co. v. Director of Revenue,* 794 S.W.2d 204, 206 (Mo. banc 1990); *Noranda Aluminum, Inc. v. Mo. Dept. of Revenue,* 599 S.W.2d 1, 4 (Mo. banc 1980); *Floyd Charcoal Co. v. Director of Revenue,* 599 S.W.2d 173, 176, 178 (Mo.1980); *State ex. rel. Dravo Corp. v. Spradling,* 515 S.W.2d 512, 515 (Mo.1974). The absence of case law on "equipment" indicates that business and accounting practices normally resolve what is equipment. In this case, neither party presented evidence of

such business and accounting practices, nor how Walsworth or its industry accounted for the phototypesetting paper.

■ This case requires the Court to construe the meaning of "equipment" in § 144.030.2(4) on review of the AHC. *See Concord Publishing House, Inc.,* 916 S.W.2d at 190. "Words used in statutes, absent statutory definition, are given their plain and ordinary meaning derived from the dictionary." *Spudich v. Director of Revenue,* 745 S.W.2d 677, 680 (Mo. banc 1988), *citing Metro Auto Auction v. Director of Revenue,* 707 S.W.2d 397, 401 (Mo. banc 1986); *accord Delta Air Lines, Inc. v. Director of Revenue,* 908 S.W.2d 353, 355 (Mo. banc 1995).

In a business setting, one dictionary definition of "equipment" clearly applies:

all the fixed assets other than land and buildings of a business enterprise. [illustration:] <the plant, *equipment,* and supplies of the factory>

*Webster's Third New International Dictionary* 768 (3rd ed.1976). Under this definition, equipment must have a degree of permanence to the business. Items consumed in one processing are not "fixed" in any sense. Phototypesetting paper is not equipment because it benefits only one production cycle. In order to qualify for the § 144.030.2(4) exemption, equipment must contribute to multiple processing cycles over time. *See Mid–America Dairymen v. Director of Revenue,* 924 S.W.2d 280, 283 (Mo. banc 1996). Phototypesetting paper is not equipment exempt from sales tax under § 144.030.2(4).

Walsworth stresses that phototypesetting paper is an essential implement in its production of yearbooks. Materials and supplies, however, can also be essential to a production process. Section 144.030.2(4) clearly distinguishes "equipment" from "materials and supplies," demonstrating that centrality to production is not decisive. *See Armco Steel v. City of Kansas City,* 883 S.W.2d 3, 7 (Mo. banc 1994).

Walsworth also contends that the definition of "equipment" must be flexible to accommodate changing technology. *See Bridge Data Co.,* 794 S.W.2d at 206; *Wetterau, Inc. v. Director of Revenue,* 843 S.W.2d

365, 367 (Mo. banc 1992), *citing Barnes Hosp. v. Leggett,* 646 S.W.2d 889, 893 (Mo. App.1983). In fact, the dictionary definition is broad. Any complaints about its scope should be addressed to the General Assembly.

### III.

The determination that phototypesetting paper is not equipment under § 144.030.2(4) does not resolve the remaining issue: whether the Director can collect sales tax directly from the purchaser Walsworth. *See* § *144.210.1.* The decision of the Administrative Hearing Commission is reversed and remanded for further proceedings consistent with this opinion.

All concur.