**MOON SHADOW, INC., Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. 79560.

Supreme Court of Missouri,
En Banc.

May 27, 1997.

Jeremiah W. (Jay) Nixon, Attorney General, Evan J. Buchheim, Assistant Attorney General, Jefferson City, for Appellant.

C. H. Parsons, Jr., Mary L. D. Griffith, Dexter, for Respondent.

1. All statutory citations are to RSMo 1994.

PER CURIAM.

Moon Shadow, Inc., operates as a recreational concessionaire of the United States Park Service on the banks of the Current River, near Van Buren, Missouri. Moon Shadow bought over 1,000 truck and tractor inner tubes, paying sales tax at the time of purchase. Moon Shadow did not resell the tubes, but rented them to customers for floating the river. Moon Shadow modified some 400 of the inner tubes by adding an adjustable mesh seat and a metal ring for attaching a cooler. The tubes are propelled by the river's current, and occasionally by paddle. Moon Shadow transports the customer and the tube to a "put-in" point, where they float downstream to Moon Shadow's location, and return the tube.

Auditing for the summers of 1992, 1993, and 1994, the Director assessed Moon Shadow $15,243.80 in sales tax on the tube rentals, plus interest at the statutory rate, but with no additions. The Administrative Hearing Commission determined that Moon Shadow was not liable for the assessment. This Court has jurisdiction of the Director's petition for review. *Mo. Const. art. V, sec. 3; sec. 621.189.*[1] The decision of the Commission "shall be upheld when authorized by law and supported by competent and substantial evidence upon the whole record." *Sec. 621.193.* Affirmed.

Section 144.020, subd. 1 creates the sales tax:

A tax is hereby levied and imposed upon all sellers for the privilege of engaging in the business of selling tangible personal property or rendering taxable service at retail in this state. The rate of tax shall be as follows:

· · · · ·

(8) A tax equivalent to four percent of the amount paid or charged for rental or lease of tangible personal property....

Moon Shadow paid sales tax on the inner tubes when it bought them. The Administrative Hearing Commission rejected sales tax

on the tube rentals, invoking the language of section 144.020, subd. 1(8) immediately following that quoted above:

> provided that if the lessor or renter of any tangible personal property had previously purchased the property under the conditions of "sale at retail" as defined in subdivision (8) of· section 144.010 and the tax was paid at the time of purchase, the lessor or renter shall not apply or collect the tax on the subsequent lease or rental receipts from that property.

 The Director argues that Moon Shadow owes sales tax on its rental charges, claiming they are "fees paid to, or in any place of amusement, entertainment or recreation, games and athletic events." *Sec. 144.020, subd. 1(2).* An essential element is the existence of a *place* of amusement, entertainment or recreation. *See Spudich v. Director of Revenue,* 745 S.W.2d 677, 680 (Mo. banc 1988). According to the Director, that place here is either Moon Shadow's business location, or an eight-mile stretch of the Current River.

 The General Assembly did not intend a "broad and strained construction" of the term "place of amusement." *L & R Distributing Inc. v. Missouri Dep't of Revenue,* 529 S.W.2d 375, 378 (Mo.1975). "Words used in statutes, absent statutory definition, are given their plain and ordinary meaning derived from the dictionary." *Spudich,* 745 S.W.2d at 680. A "place" is "a building or locality used for a special purpose <place of amusement>." *Webster's Third New International Dictionary* 1727 (1976). In the cases cited by the Director, the place of amusement was a building used for a special purpose. *See Spudich,* 745 S.W.2d at 681–82 (billiard center); *Lynn v. Director of Revenue,* 689 S.W.2d 45, 48 (Mo. banc 1985) (vessel); *Fostaire Harbor, Inc. v. Director of Revenue,* 679 S.W.2d 272, 273 (Mo. banc 1984) (helicopter); *Blue Springs Bowl v. Spradling,* 551 S.W.2d 596, 598 (Mo. banc 1977) (bowling alley); *L & R Distributing Inc.,* 529 S.W.2d at 378 (one pinball machine not sufficient). Moon Shadow's building—a 26–room lodge, restaurant, and gift shop—is not a place of amusement because the amusement, entertainment or recreation activities at issue do not occur there. *See Spudich,* 745 S.W.2d at 682.

In terms of locality, the Director asserts that the river itself is a place of amusement, entertainment, or recreation. An eight-mile stretch of river—owned and controlled mostly by the federal government—is not a locality used as a "place of amusement" within the meaning of section 144.020, subd. 1(2).

Finally, the Director emphasizes the remainder of section 144.020, subd. 1(8):

> In no event shall the rental or lease of boats and outboard motors be considered a sale, charge, or fee to, for or in places of amusement, entertainment or recreation nor shall any such rental or lease be subject to any tax imposed to, for, or in such places of amusement, entertainment or recreation.

From this language, the Director argues that the General Assembly recognized that the rental of recreational items within a place of amusement—other than boats and outboard motors—was subject to sales tax. Because here there is no place of amusement, entertainment, or recreation, this Court need not address this argument.

The decision of the Administrative Hearing Commission is affirmed.

All concur.