Bonneye **GAMMAITONI**, d/b/a
Videotech, Appellant,

v.

**DIRECTOR OF REVENUE**,
Respondent.

No. 71811.

Supreme Court of Missouri,
En Banc.

March 13, 1990.

Richard N. Bien, Linda J. Salfrank, Kansas City, for appellant.

William Webster, Atty. Gen., Mark S. Siedlik, Asst. Atty. Gen., Harry D. Williams, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Judge.

Bonneye Gammaitoni d/b/a Videotech appeals an adverse decision of the Administrative Hearing Commission. The appeal presents questions of construction of the advertising exemption under the revenue laws, section 144.034, RSMo 1986, other exemptions from sales and use taxes under sections 144.020 and 144.610, RSMo 1986, and the interstate commerce exemptions under section 144.030, RSMo 1986. It also raises a constitutional challenge to section 144.034, RSMo 1986, on equal protection grounds, and claims that rights have been violated under the fourteenth amendment of the United States Constitution and article I, section 2, of the Missouri Constitution. Affirmed.

Appellant, a sole proprietorship, produced television commercials and videotaped presentations. Bonneye Gammaitoni acquired Videotech from her former husband, George O. Jones II, as part of a property settlement in a dissolution proceeding. As part of the settlement, Jones executed a quit claim releasing his interest in Videotech to Ms. Gammaitoni in exchange for her payment of $2,000, assumption of $2,500 of Videotech's debts, and agreement to pay $3,000 in one year. She made the first payment and assumed the debts, but did not make the second payment of $3,000.

George Jones gave her a notarized statement that all sales tax owed by Videotech had been paid as of September 1985, the date of the dissolution and settlement.

From September 4, 1985, until February 4, 1986, Ms. Gammaitoni operated Videotech without a Missouri sales tax license. Videotech produced television commercials for Target Vision, a broadcasting advertising service, as well as for a bank, and also instructional tapes, accident reconstruction tapes, annual reports, depositions, a technical proposal for a company making a bid for a federal contract, and duplicated tapes for other businesses. Some of these tapes were for companies that contracted with the United States government. Videotech also sold a power supply unit to Eagle–Picher Industries, Inc., and received a certificate of exemption from Eagle–Picher. Videotech also provided editing and audio engineering for a furniture manufacturer on tapes produced by another company, as well as dubs. Videotech did not place any of these commercial tapes in the media; it delivered some orders outside Missouri by common carrier and by George O. Jones; there was no agreement between Videotech and the customers as to when title to the tapes would pass. On October 25, 1985, Videotech began collecting sales tax on some transactions. Videotech also purchased some pieces of equipment from out-of-state vendors which it did not resell and upon which it did not pay Missouri compensating use tax.

The Director audited the business records of Videotech, assessed additional sales and use tax, interest, and penalties and assessed the deficiencies against appellant as successor in interest to George O. Jones, d/b/a Videotech.

■ On factual questions, this Court considers whether a decision of the Administrative Hearing Commission is supported by substantial evidence upon the record as a whole; as to legal questions, this Court may substitute its independent judgment for that of the Administrative Hearing Commission. *James v. TRES Computer Systems*, 642 S.W.2d 347 (Mo. banc 1982).

Constitutional questions are originally before this Court. Mo. Const. art. V, § 3.

## Successor Liability

■ Ms. Gammaitoni contends the Administrative Hearing Commission erred in holding Videotech liable, under Missouri's successor liability statute, section 144.150, RSMo 1978, for taxes prior to September 4, 1985, because she is not a successor to George O. Jones, II, inasmuch as she retained part of the purchase price and at the time of the purchase no tax was due. The statute provides that successors to a business must withhold from the purchase price an amount sufficient to satisfy any sale taxes not paid by a previous owner, and the successor who fails to do so risks liability for the predecessor's delinquency. The successor is released from this obligation only when the transferor produces either a tax receipt or certificate from the Director.

Ms. Gammaitoni argues that she did withhold part of the purchase price, and that because George O. Jones gave her a notarized statement that no tax was due, she has substantially complied with the statutory requirement of a certificate from the Director. This argument is contrary to the plain language of the statute. The purpose of successor liability statutes is to secure collection of taxes by imposing derivative liability on purchasers of a business who are generally in a better financial position to collect or pay the tax from the sale price than the seller quitting the business; these statutes are to be construed broadly to protect the state's interest in collecting taxes. *Bates v. Director of Revenue*, 691 S.W.2d 273 (Mo. banc 1985). The reason for withholding part of the purchase price is to ensure a fund from which to pay the tax in the event the predecessor fails to produce a receipt or a no-tax-due certificate from the Director. There is nothing in the record to indicate that at the time of the dissolution no tax was due, other than the statement from Mr. Jones. Thus, Ms. Gammaitoni is liable for any unpaid taxes and penalties accrued prior to September 4, 1985.

## Sales of Original and Duplicate Videotapes

Videotech produced, edited, and duplicated an instructional videotape depicting repair and maintenance of a high-pressure fluid jet cutting system; it produced original videotapes of various events, such as automobile accident reconstructions, and annual reports and depositions for attorneys, manufacturers, and an Arabian horse farm; it also provided audio engineering and dubbing for a furniture manufacturer's tapes produced elsewhere. Ms. Gammaitoni contests the Commission's determination that sales of these original and duplicate videotapes were subject to Missouri sales tax, arguing they were nontaxable services rather than sales at retail. *See James v. TRES Computer Systems*, 642 S.W.2d 347.

*James* held that computer data and programs sold by an out-of-state corporation to a Missouri bank were intangible personal property and their placement on magnetic tapes did not convert them into tangible personal property, reasoning that the tapes were not the ultimate object of the sale, but rather the medium on which the object—the information they contained—was placed; the information could have been fed directly into the computer via electronic communications, without using the tapes.

Two years earlier, in *Universal Images v. Department of Revenue*, 608 S.W.2d 417 (Mo.1980), this Court had held filmed commercials, which Universal ordered to its specifications from an out-of-state laboratory and then rented to theaters to display advertising material on motion picture screens, were subject to the use tax on tangible personal property. This Court distinguished *James* from *Universal*, stating the magnetic tapes were not like the films because the actual presence of the movie film itself was essential to transmit the work of the actors. *James*, 642 S.W.2d at 350.

■ In this case, it was the videotape itself that was the object of the transaction. Unlike the bank in *James*, Videotech's customers already possessed the in-

formation and ideas, which they presented to Videotech to be placed on the medium of the videotape. As in the case of the movie films, or any manufactured article of tangible personal property, the finished videotape was the true object of the transaction; therefore, the sales of the videotapes were subject to Missouri sales tax as taxable personal property.

■ The same analysis applies to the sales of the duplicate videotapes. The object of the transaction was the duplicate of the tape, and the services Videotech rendered in manufacturing the duplicate tapes were incidental to their sale.

### Classification of Videotech as Production House

Section 144.034 exempts from taxation sales of advertising by advertising agencies and broadcast stations. The Commission found Videotech was a video production house and its tapes for LeBarge Electronics and First National Mercantile Bank and Trust Company were not exempt from sales tax. Appellant argues Videotech's functions should be classified on a transaction-by-transaction basis, contending it sometimes acted as an advertising agency, sometimes as a broadcaster, and was therefore exempt from sales tax in both functions, and was never a production house; alternatively, that Videotech should be classified as a broadcast facility or as an advertising agency, and exempt under section 144.034.

■ Appellant is not a broadcast station. Videotech produces videotapes; it does not transmit by radio or television nor is it a facility equipped for radio and television transmission. The primary rule of statutory construction is to determine the intent of the legislature from the language used, to give effect to that intent, and to take the words of the statute in their plain and ordinary meaning. *Rotary Drilling Supply, Inc. v. Director of Revenue*, 662 S.W.2d 496 (Mo. banc 1983).

■ Nor is appellant an advertising agency. Although Videotech produced some tapes used for advertising purposes, it did not contract with advertisers to place the advertising in the media.

■ Thus, Videotech does not qualify by virtue of its business activities as an entity that can claim an exemption from sales tax on the transactions at issue. Appellant's argument that Videotech should alternatively be given exemption, transaction-by-transaction, contradicts the policy allowing the state to exempt certain entities from the payment and collection of sales tax, and is therefore untenable.

### Equal Protection

With its classification as a production house, Videotech is not eligible for the exemption of sales of advertising by advertising agencies and broadcasting stations allowed by section 144.034. Ms. Gammaitoni contends section 144.034 and the corresponding Department of Revenue Regulation, 12 C.S.R. 10–3.590, violate the guarantees of equal protection in the fourteenth amendment of the United States Constitution and of equality under the law in article I, section 2 of the Missouri Constitution, both facially and as applied to Videotech. She also cites article X, section 3 of the Missouri Constitution ("taxes ... shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax").

Appellant argues that a taxing statute may not impose tax on some businesses and not on others for conducting what is, in essence, the same commercial activity. *See Arkansas Writers' Project, Inc. v. Ragland*, 481 U.S. 221, 107 S.Ct. 1722, 95 L.Ed.2d 209 (1987). She also cites *Minneapolis Star and Tribune Co. v. Minnesota Commissioner of Revenue*, 460 U.S. 575, 103 S.Ct. 1365, 75 L.Ed.2d 295 (1983), for the proposition that a state may not selectively tax businesses of the same kind. Neither of these cases supports Ms. Gammaitoni's constitutional challenge, because the underpinning of both is the first amendment of the United States Constitution; theirs are freedom of the press issues.

In *Harper v. Virginia Board of Elections*, 383 U.S. 663, 666, 86 S.Ct. 1079, 1081, 16 L.Ed.2d 169 (1966), the United States Supreme Court stated that the Equal Protection Clause does not forbid classifications of individuals or entities, but that it does forbid a difference in treatment that amounts to an invidious discrimination. The states have been held to have considerable freedom in making classifications in order to produce reasonable systems of taxation. *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 359, 93 S.Ct. 1001, 1003, 35 L.Ed.2d 351 (1973); see also *Bopp v. Spainhower*, 519 S.W.2d 281, 289 (Mo. banc 1975), and *Pipe Fabricators, Inc. v. Director of Revenue*, 654 S.W.2d 74, 77 (Mo. banc 1983). It is not unreasonable to exempt sales of advertising by particular entities such as advertising agencies and broadcast stations.

The question remaining is whether there is a reasonable basis for classifying Videotech as a production house rather than as an advertising agency or a broadcast station. The Administrative Hearing Commission found that Videotech did not fit into the definitions of an advertising agency or a broadcast station under the regulations, and Videotech listed itself in the local telephone directory as a production house. There is no invidious discrimination against Videotech and no deprivation of equal protection.

## Exemptions for Sales to Government Entities

Appellant contends the Commission erred in affirming the tax assessed on sales to LeBarge Electronics and Eagle Picher Manufacturing, claiming they are exempt under section 144.030.2(6) as sales used exclusively in the manufacturing, processing, modification, or assembly of tangible personal property sold to the United States government or one of its agencies. The Commission found appellant had not met her burden of proof to exempt the sales. Appellant argues that because she received exemption certificates from the purchasers, she was relieved of the obligation to collect tax.

Appellant bears the burden of proof that sales of tangible personal property are not sales at retail and thereby exempt from tax. §§ 621.050, 144.210, 32.200, RSMo 1986. When a vendor in good faith accepts an exemption certificate offered by a purchaser, the vendor is relieved of liability for sales or use tax for that transaction. § 32.200, RSMo; Mo. Const. art. V, § 2. Under the facts of each purchase in this case, not only were the sales not within the ambit of section 144.030.2(6), but if the appellant had informed herself as to the substantive basis of the exemption certificates, it is doubtful that she would have been accepting them in good faith. The sales were made to the companies themselves, who paid Videotech directly, not to the United States government or to one of its agencies. The appellant may be held responsible for the tax under section 144.210.

## Exemption Certificates for Interstate Transactions

The Administrative Hearing Commission found Videotech's sales to customers located outside Missouri were exempt as sales in interstate commerce. § 144.030.1; *Odorite of America, Inc. v. Director of Revenue*, 713 S.W.2d 833 (Mo. banc 1986). The Commission also found, however, that because appellant collected no exemption certificates as required by section 144.210.1, she was unable to receive the benefit of the exemption.

Appellant argues a seller may sustain its burden of proof in other ways besides by an exemption certificate, citing *Overland Steel, Inc. v. Director of Revenue*, 647 S.W.2d 535 (Mo. banc 1983). She also asserts that because at certain points during the audit, the auditor removed some transactions previously considered taxable events when appellant presented other evidence of exemption, an estoppel-reliance was created and the Director cannot be allowed to contend the certificate's absence is conclusive.

The plain language of section 144.210.1 requires that, absent an exemp-

tion certificate, the appellant cannot be afforded the benefit of an exemption. *Van Cleave Printing Co. v. Director of Revenue*, 784 S.W.2d 794 (Mo. banc 1990). The sales transactions at issue, most of which dated back to 1985, conducted without the collection of sales tax or an exemption certificate, are not the subject of estoppel by any act or representation by the Director of Revenue during its audit over one year later.

## Use Tax

Under section 144.610, a use tax is imposed against the purchaser of tangible personal property for the privilege of storing, using or consuming in Missouri any article of tangible personal property purchased at retail. The use tax is computed in the same manner as the sales tax. *Southwestern Bell Telephone Co. v. Morris*, 345 S.W.2d 62 (Mo. banc 1961). Appellant argues she is exempt from use tax because she is exempt from sales tax. Because, however, this Court affirms the decision of the Administrative Hearing Commission as to the sales tax, her point as to the use tax fails.

## Penalties and Interest

Appellant contends no interest or penalties should be assessed because she is entitled to exemptions and the Director's assessments were improper. From September 4, 1985, until February 4, 1986, she operated the business without a sales or use tax license as required by section 144.083; under section 144.021, it was her duty to levy and collect tax as specified in section 144.020.

In order to uphold the imposition of penalties and interest, the Director must show Videotech failed to pay taxes due because of willful neglect, evasion or fraudulent intent. § 144.250; *Odorite*, 713 S.W.2d 833. The Commission found appellant did nothing to ascertain what her tax liabilities were, and that in many transactions where it should have been clear to her that tax was due, such as in the sale and rental of blank video tapes, she did not collect or remit any tax. This conduct falls into the category of willful neglect. The penalties and interest are upheld.

The decision of the Administrative Hearing Commission is affirmed.

ROBERTSON, RENDLEN, COVINGTON, BILLINGS, HOLSTEIN, JJ., and SHANGLER, Special J., concur.

BLACKMAR, C.J., not sitting.