**WILSON'S TOTAL FITNESS CENTER, INC.,**
Appellant,

v.

**DIRECTOR OF REVENUE,**
Respondent.

No. SC 82732.

Supreme Court of Missouri,
En Banc.

March 6, 2001.

L.G. Copeland, Columbia, for Appellant.

Evan J. Buchheim, Jefferson City, for Respondent.

## PETITION FOR REVIEW OF A DECISION OF THE ADMINISTRATIVE HEARING COMMISSION

PRICE, Chief Judge.

### I.

This case requires us to revisit whether athletic and fitness centers are subject to sales tax on their membership fees. We abandon the "primary purpose test" set out in *Columbia Athletic Club* that attempted to focus upon the "dual nature" of exercise and return to the *"de minimis"* test previously set out in *Spudich v. Director of Revenue*, 745 S.W.2d 677 (Mo. banc 1988). We affirm the Administrative Hearing Commission's (AHC) decision imposing the tax.

### II.

Appellant, Wilson's Total Fitness Center, Inc., (Wilson's) operates three full service fitness centers in Columbia and St. Louis Missouri. Wilson's offers strength, cardiovascular, aerobic, nutrition-weight control, swimming, massage, basketball, volleyball, racquetball, tennis and related activities for its members. Wilson's offers training by certified fitness instructors along with the use of its facilities.

Wilson's promotes a four-step "healthy heart program". Approximately 80% of its members become involved with this program. The cost of this program is included within the membership fee. In some instances, Wilson's members are referred by physicians for health purposes and the membership fees are paid for by health insurance. The owner and the manager of Wilson's testified that the purpose of Wilson's is to promote a healthier lifestyle through physical fitness.

Wilson's paid sales tax on its membership fees under protest throughout the 1998 tax year. The director denied Wilson's protest. On May 25, 2000, the AHC issued its findings of fact and conclusions of law, also denying Wilson's protest. Wilson's seeks review.

### III.

This dispute is controlled by section 144.020.1(2), RSMo 1994, which provides for the imposition of sales tax upon fees paid to *"any place of amusement, entertainment or recreation"*. We recently struggled with the proper interpretation of this statute in *Columbia Athletic Club v. Director of Revenue*, 961 S.W.2d 806 (Mo. banc 1998), and *Kanakuk–Kanakomo Kamps, Inc. v. Director of Revenue*, 8 S.W.3d 94 (Mo. banc 1999).

In *Columbia Athletic Club*, a fractured decision noted that there was "a fine line between exercise that is primarily focused on health benefits and exercise that is primarily focused on recreation", *Id.* at 810, and then held that another fitness center in Columbia, Missouri, that offered "facilities for noncompetitive activities including aerobics, strength training, cardiovascular training, and nutrition/weight control training, but does not offer facilities for tennis, racquetball, basketball, or swimming", *Id.* at 807, was not subject to the tax because "the basic purpose of appellant's fitness center is clearly improvement of health through physical exercise." *Id.* at 811.

Relying upon *Columbia Athletic Club v. Director of Revenue*, Wilson's argued before the AHC that the "primary purpose"

of its facilities was the improvement of health and fitness through exercise. Also relying upon *Columbia Athletic Club,* the director argued that the "primary purpose" of Wilson's facilities was recreation.

In reaching its conclusion that Wilson's membership fees were taxable, the AHC reasoned as follows:

> Comparing Wilson's to the facts set forth in *Columbia Athletic Club,* we find many similarities, including individualized instruction for fitness programs and various exercise machines. We also note that if activities normally considered recreational, such as karate, ballroom dancing, and tennis, for which the extra fees and taxes are paid, are taken out of the comparison with *Columbia Athletic Club,* the two fitness clubs are very similar. However, only members are entitled to participate, for a fee, in those activities normally considered recreational. It appears that the membership fees are necessary for Wilson's to offer additional activities to members for a smaller fee.

> Even when removing from consideration the taxable fees, Wilson's advertising and promotional approach is completely different than *Columbia Athletic Club.* Wilson's advertisements and promotional material place greater emphasis on the recreational aspects rather than on the health-related aspects of membership. Those activities commonly known as recreational are not a minimal component of the enterprise. Therefore, we find that the primary purpose of the club was recreational.

This conclusion, however, leads to the anomalous result that, in the same community, one health and fitness center's membership fees are subject to the state sales tax while another health and fitness center's membership fees are not.

The difficulty encountered by the AHC in attempting to sift through such details illustrates the difficulty inherent in the approach adopted in *Columbia Athletic Club,* which focuses upon the "dual nature"

of exercise and attempts to determine its "primary purpose". *Id.* at 810. "In other words, are the recreational aspects of the exercise that is facilitated incidental to the health benefits, or are the health benefits incidental to the recreational aspects?" *Id.* at 810.

There is no need for us to restate the arguments set out between the principal opinion and the dissent in *Columbia Athletic Club.* Whether or not the distinction drawn there is valid in theory, it is unworkable in fact, as shown in this case.

The "fine line between exercise that is primarily focused on health benefits and exercise that is primarily focused on recreation" simply cannot be distinguished in a meaningful and consistent manner. *Id.* at 810. Accordingly, *Columbia Athletic Club* is overruled and the *de minimis* test previously set out in *Spudich v. Director of Revenue,* 745 S.W.2d 677 (Mo. banc 1988), is reinstated. Athletic and exercise or fitness clubs are places of recreation for the purposes of section 144.020.1(2), and the fees paid to them are subject to sales tax.

The decision of the AHC is affirmed.

WHITE, HOLSTEIN, WOLFF and BENTON, JJ., concur.

LIMBAUGH, J., concurs in separate opinion filed.

MANNERS, Sp. J., concurs in opinion of LIMBAUGH, J.

LIMBAUGH, Judge, concurring.

Although the *Columbia Athletic Club* majority is lost, I am still unwilling to abandon the primary purpose test in favor of a *de minimis* test. Following the lead of the majority in this case, I will not restate the rationale set out in the principal opinion in *Columbia Athletic Club,* except to raise three short points: First, though the primary purpose test may be difficult to apply because the dual nature of fitness center exercise is difficult to quantify, the test is not "unworkable." In-

deed, as will be discussed, the AHC was able to apply the primary purpose test to the facts of this case and resolve the case in a way that appears satisfactory. In any event, regardless of the difficulty of application, this Court is obligated to follow the primary purpose test if it is more in keeping with section 144.020.1(2), which imposes the tax only to the extent that the activities of the place in question are in fact recreational. Second, the primary purpose test is indeed more in keeping with section 144.020.1(2) because, unlike the *de minimis* test, it properly takes into account the dual nature of exercise activities and subjects the fitness center to the tax only when the recreational component of the activities outweighs the health and fitness component. In contrast, to the extent that the recreational component of exercise is more than *de minimis* but less than its primary purpose, the majority allows imposition of a tax that the statute does not allow. Finally, by disregarding the ambiguity that arises by applying the term "recreation" to activities that are part recreational and part non-recreational, the majority conveniently avoids the rule of construction that requires ambiguities in statutes imposing taxes to be construed in favor of the taxpayer and against the taxing authority. *American Healthcare v. Director of Revenue*, 984 S.W.2d 496, 498 (Mo. banc 1999). Under the majority's *de minimis* test, the ambiguity is resolved in favor of the taxing authority and against the taxpayer the opposite of what the rule requires.

Whatever the test employed, I would affirm the decision of the AHC. Under section 621.050.2, RSMo 1994, the taxpayer has the burden to prove that it is not liable for the amounts assessed, but in this case the taxpayer did not meet that burden. The record shows that substantial portions of taxpayer's facilities are used for tennis, racquetball, basketball, volleyball, and swimming, which, as this Court noted in *Columbia Athletic Club*, are activities ordinarily undertaken for recreational, rather than health or fitness purposes. Although

taxpayer charges its members extra fees to participate in those recreational activities, and though taxpayer pays taxes on those extra fees, only members of the fitness center are entitled to pay the extra fees and participate in those activities. As the AHC observed, "it appears that the membership fees are necessary for [taxpayer] to offer additional activities to members for a smaller fee." Because the membership fees are inextricably intertwined with the availability of taxpayer's substantial facilities for recreational activities, the taxpayer has not met its burden in establishing that the primary purpose of the club was non-recreational.

The majority's concern that this conclusion "leads to the anomalous result that, in the same community, one health and fitness center's membership fees are subject to the state sales tax while another health and fitness center's membership fees are not," is illogical. The different outcome in the two cases is simply a function of the different proof in the two cases.

For these reasons, I concur in the majority's outcome, but not its rationale.