**MICHAEL JAUDES FITNESS EDGE, INC., Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. SC 88605.**

Supreme Court of Missouri, En Banc.

April 1, 2008.

from its clients are subject to sales tax pursuant to section 144.020.1(2).[1] It argues that because the fees primarily cover the provision of personal training services, they should not be subject to tax under that section. To the contrary, the record supports the AHC's determination that Fitness Edge's fitness training facility is a place of recreation and that the fees paid to it are paid for services provided at retail at the facility. Accordingly, they are subject to the tax set out in section 144.020.1(2) for "fees paid to, or in any place of amusement, entertainment or recreation." The fact that one who provides fitness services at a third-party location rather than at a place of recreation is not subject to this tax does not violate the uniformity requirement of article X, section 3 of the Missouri Constitution because it involves a different class of service. The decision of the AHC is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Michael Jaudes, the owner and president of Fitness Edge, is a certified personal fitness trainer. Prior to opening Fitness Edge, Mr. Jaudes provided one-on-one personal training services to clients at sites of the clients' designation, often a fitness facility to which the clients belonged. His clients complained to Mr. Jaudes that they were unable to maximize the benefit from his training services because the facilities in which he provided those services were often overcrowded and the exercise equipment was not state-of-the-art. The clients also felt that they were essentially paying double: a fee to Mr. Jaudes for training services and an additional membership fee to the fitness facility. Prior to opening Fitness Edge,

Scott R. Riley, Daniel J. Cook, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., James R. Layton, State Solicitor, Jefferson City, James L. Spradlin, Dept. of Revenue, Jefferson City, for respondent.

LAURA DENVIR STITH, Chief Justice.

Michael Jaudes Fitness Edge, Inc. ("Fitness Edge"), seeks review of the decision of the Administrative Hearing Commission (AHC) holding that the fees it receives

---

1. Unless otherwise noted, all statutory references will be to RSMo Supp.2007.

the fees that Mr. Jaudes received from his clients were not subject to sales tax.

With his clients' concerns in mind, Mr. Jaudes opened Fitness Edge in 1984. Fitness Edge is a 7000–square–foot fitness training facility in St. Louis equipped with stationary cycles, treadmills, stairmasters, climbers, weights, and elliptical training equipment. Clients can watch television while exercising and dress in what Fitness Edge describes as "luxurious locker rooms with showers, complimentary towel service, and toiletries." Fitness Edge sells supplements, sport drinks, and Fitness Edge logo workout apparel at a sports bar.

When a new client is accepted, Mr. Jaudes performs a personalized assessment and develops a customized fitness and nutritional workout and training plan and offers lifestyle advice. Fitness Edge does not charge its clients membership dues. Instead, clients may only visit Fitness Edge by appointment. At most such appointments, clients pay fees ranging from $62 to $75 per hour to use the equipment with the one-on-one assistance of a personal trainer pursuant to their customized training program. A client who has two or more appointments with a trainer per week is permitted to use the cardiovascular equipment (treadmills, stairmasters, stationary cycles, etc.) free of charge, without the assistance of a trainer.

Fitness Edge paid Missouri sales tax on the fees it received from its clients. But, pursuant to section 144.190, Fitness Edge then sought a refund of those payments for the quarterly tax periods beginning July 1, 2002, through and including December 31, 2004.[2] Fitness Edge claimed that its fees were not subject to sales tax because it is not a "place of amusement, entertainment or recreation" as that term

is defined in section 144.020.1(2) in that its fees are charged for the provision of personal training services rather than for the provision of exercise equipment or other recreation.

The Director of Revenue denied Fitness Edge's refund claim. Fitness Edge sought review by the AHC, which also found that the fees charged were for retail services provided in a place of recreation and, hence, were subject to tax under section 144.020.1(2). Fitness Edge filed a petition for review in this Court. As this case requires the construction of state revenue laws, this Court has exclusive appellate jurisdiction. Mo. Const. art. V, § 3.

## II. STANDARD OF REVIEW

■ This Court reviews the AHC's determination of issues of law *de novo*. *Zip Mail Services, Inc. v. Director of Revenue*, 16 S.W.3d 588, 590 (Mo. banc 2000). By contrast, this Court defers to the AHC's findings of fact. The Court views the evidence "in a light most favorable to the [AHC's] decision, together with all reasonable inferences that support it." *Kanakuk–Kanakomo Kamps, Inc. v. Director of Revenue*, 8 S.W.3d 94, 95 (Mo. banc 1999). The AHC's decision is affirmed if supported by competent and substantial evidence upon the whole record. § 621.193, RSMo 2000; *see* Mo. Const. art. V, § 18.

## III. FITNESS EDGE IS A PLACE OF RECREATION AND WAS PROPERLY SUBJECT TO SALES TAX ON THE FEES PAID BY ITS CLIENTS

*A. Fitness Edge is a Place of Recreation that Received Fees from Its Clients for Services Offered at Retail.*

---

**2.** These were initially filed as two separate appeals, but they were consolidated before the Administrative Hearing Commission.

Section 144.020.1(2) imposes sales tax on fees paid at retail in or to any place of "amusement, entertainment or recreation, games and athletic events." To find a transaction taxable under this provision "two elements are essential,—that there be fees or charges and that they be paid *in or to* a place of amusement [entertainment or recreation]." *L & R Distrib., Inc. v. Missouri Dep't of Revenue,* 529 S.W.2d 375, 378 (Mo.1975). As the Director notes, a location in which amusement or recreational activities "comprise more than a *de minimus* portion of the business activities" occurring at that location is considered a place of amusement or recreation under this provision. *See Spudich v. Director of Revenue,* 745 S.W.2d 677, 682 (Mo. banc 1988); *Wilson's Total Fitness v. Director of Revenue,* 38 S.W.3d 424, 426 (Mo. banc 2001).

Fitness Edge concedes that it charges fees, but it argues that the fees it charges are for its personal training services rather than for the recreational use of its fitness training facility or the exercise equipment and other amenities contained therein and that personal training services are not made subject to sales tax under section 144.020.2(2).

Were this case governed by *Columbia Athletic Club v. Director of Revenue,* 961 S.W.2d 806 (Mo. banc 1998), then Fitness Edge's argument might be meritorious. In *Columbia Athletic Club,* this Court held that "application of section 144.020.2(2) turns on the primary purpose of the facility involved." *Id.* at 810. Under *Columbia Athletic Club,* the "critical issue ... is whether the primary purpose of Appellant's fitness center in facilitating exercise is to provide health benefits or to provide recreation." *Id. Columbia Athletic Club* recognized that the line between taxable and nontaxable services under this test was a fine one. *Id.*

Three years later, *Wilson's Total Fitness Center, Inc.,* held that the fine line that *Columbia Athletic Club* attempted to draw "between exercise that is primarily focused on health benefits and exercise that is primarily focused on recreation" was "unworkable in fact" because the facilities could not be "distinguished in a meaningful and consistent manner." 38 S.W.3d at 426. Accordingly, this Court reinstated the *"de minimus* test previously set out in *Spudich,"* under which, unless the exercise occurring there is *de minimus,* all "[a]thletic and exercise or fitness clubs are places of recreation for the purposes of section 144.020.1(2), and the fees paid to them are subject to sales tax." *Id.*

Acknowledging that *Wilson's* rejected the "primary purpose" test, Fitness Edge tries mightily to avoid using the word "primarily" when describing the purpose of the fitness services it provides. Without discounting the valuable health and nutrition personal training services available at Fitness Edge, however, the record supports that its clients' use of its exercise equipment (albeit with the assistance of a personal trainer) and of the many other amenities provided in the state-of-the-art facility is more than *de minimus.* This Court will not resurrect the distinction it rejected in *Wilson's* between recreational and health-related fitness facilities; as *Wilson's* noted and as this case further demonstrates, such a distinction is unworkable as a practical matter. *Wilson's,* 38 S.W.3d at 426.[3]

---

**3.** In a related argument, Fitness Edge contends that if it is a place of amusement or recreation, then every facility that uses fitness equipment, including physical therapy centers and cardiac recovery units within hospitals, will be converted to places of amusement for purposes of state sales tax. Needless to say, the analogy is not a valid one. Equipment

Fitness Edge also notes that, even if the nature of its personal training services were not themselves sufficient to distinguish Fitness Edge from the place of recreation at issue in *Wilson's*, the fitness facility at issue in *Wilson's* was a "club" to which clients paid membership fees. By contrast, Fitness Edge does not charge membership fees and is not a club. Further, it is not just a workout center, but a top level fitness facility at which clients are given nutritional and lifestyle advice as an essential part of its customized program, and the clients spend the vast majority of their time working directly with personal trainers on individualized workout plans rather than engaging in the type of self-directed exercise that is available at other fitness facilities.

Although Fitness Edge is correct that these do constitute factual distinctions between what the facilities offer their clients, this Court does not find that those distinctions make a legal difference on the question whether Fitness Edge is subject to tax under section 144.020.1(2). That section does not state that it taxes clubs, or membership facilities, or exercise equipment. It draws no distinction between whether a person exercises pursuant to a plan of her own devising or under the immediate and direct supervision of a fitness trainer. Rather, the statute states that the tax is due for "fees paid to, or in any place of amusement, entertainment or recreation . . ." for taxable services offered at retail.

### B. Missouri Constitutionally Draws A Distinction Between Taxation of Retail Services Provided in a Place of Recreation and Independent Personal

### Training Services offered by Independent Contractors.

■ Fitness Edge makes two additional arguments based on the fact that the type of services its personal trainers provide would not be subject to tax under section 144.020.1(2) if the services were provided to the same clients at locations other than a facility owned by the taxpayer. Specifically, Fitness Edge notes that when Mr. Jaudes provided personal training services to the same clients at other fitness facilities not owned by him, he did not have to pay sales tax on the fees, nor did the facility at which he worked. Therefore, it argues, these fees should not be subject to tax when the services are provided at Fitness Edge.

As noted above, however, when Mr. Jaudes opened Fitness Edge and began providing his clients with training services for which they paid fees *to the facility* rather than their trainer, Fitness Edge came within the parameters of section 144.020.1(2) as a place of recreation that receives fees for taxable services at retail.

Fitness Edge argues that if section 144.020.1(2) is interpreted to permit it to be taxed when those who provide fitness services as independent contractors would not be taxed, then the statute violates the uniformity requirement of article X, section 3 of the Missouri Constitution. That section states that taxes "shall be uniform upon the same class or subclass of subjects within the territorial limits of the authority levying the tax." Mo. Const. art. X, § 3.

■ The uniformity provision does not prohibit all distinctions among taxpayers; it prohibits only distinctions between those in the same class or subclass. *See*

that is used under the supervision or at the direction of a physician or therapist at a medical facility is different in kind than the exercise, training or advice offered at a fitness

club or facility, and whether it could be subject to some tax is not before this Court in this suit involving taxing of places of recreation or amusement.

*McKinley Iron, Inc. v. Director of Revenue*, 888 S.W.2d 705, 708 (Mo. banc 1994) ("The state ... is not prohibited from treating one *class* of taxpayer differently from others"). In order to comply with this provision, "[i]t is only necessary that there be a reasonable basis for the ... differentiation and that all persons similarly situated ... be treated alike." *Bopp v. Spainhower*, 519 S.W.2d 281, 289 (Mo. banc 1975).[4]

*Gammaitoni v. Director of Revenue*, 786 S.W.2d 126, 130–31 (Mo. banc 1990), is instructive. In that case, the taxpayer contested whether its sale of advertising could be subject to tax when similar sales by advertising agencies and broadcasting stations were exempt from tax, arguing that "a taxing statute may not impose tax on some businesses and not on others for conducting what is, in essence, the same commercial activity." *Id.* at 130. This Court rejected this argument, concluding that the distinction drawn between the different natures of the entities that were or were not subject to tax was a reasonable one and, therefore, not constitutionally objectionable. *Id.* at 131.

 Similarly here, the relevant constitutional inquiry is whether the statutory distinction between those personal trainers who provide fitness training services in a place of recreation and those who provide it elsewhere is a reasonable or rational one. Training services provided by an independent contractor are different in kind from a business that offers training services along with the provision of exercise equipment, lockers, and other amenities at a permanent, established fitness facility. Distinguishing between these different business models is within the "considerable freedom" that the legislature enjoys "in making classifications in order to produce reasonable systems of taxation." *Gammaitoni*, 786 S.W.2d at 131.

## IV. CONCLUSION

For the reasons set forth above, this Court affirms the decision of the Administrative Hearing Commission.

All concur.

---

4. *See also Associated Indus. of Missouri v. Director of Revenue*, 857 S.W.2d 182, 193 (Mo. banc 1993) ("Missouri's uniformity clause uses a similar standard of reasonableness" to the equal protection clause's rational basis standard), *rev'd on other grounds*, 511 U.S. 641, 114 S.Ct. 1815, 128 L.Ed.2d 639 (1994) (distinction between residents and non-residents in Missouri use tax violates commerce clause).