

# SUPREME COURT OF MISSOURI
# en banc

TATSON, LLC,                                          )
d/b/a POWERHOUSE GYM OF JOPLIN,                       )
                                                     )
      Respondent,                                  )
                                                     )
v.                                                   )        No. SC94260
                                                     )
DIRECTOR OF REVENUE,                                 )
                                                     )
      Appellant.                                   )

PETITION FOR REVIEW OF A DECISION OF
THE ADMINISTRATIVE HEARING COMMISSION
The Honorable Sreenivasa Rao Dandamudi, Commissioner

*Opinion issued February 24, 2015*

The Department of Revenue (DOR) seeks review of the Administrative Hearing

Commission's (AHC) determination that Tatson, LLC, d/b/a Powerhouse Gym of Joplin

(Powerhouse) did not owe sales tax on rental fees it collected from a personal training

company, Atlanta Fitness, d/b/a Custom Built (Custom Built).  The rental fees covered

the lease of office space and the opportunity to market and sell personal training services

to Powerhouse members.  DOR contends that the rental fees were subject to sales tax as a

fee paid to a place of recreation under section 144.020.1(2).[1]

This Court finds that the monthly rental fees were not subject to sales tax because Powerhouse did not render a taxable service to Custom Built. Section 144.020.1. The AHC's decision is affirmed.

## Factual Background

At all times relevant to this case, Powerhouse was a fitness facility where members were required to pay a fee to join. In return for the fee, it offered members various services, such as the use of fitness classes, weights and exercise machines. It did not directly offer personal training services. Instead, Custom Built paid Powerhouse $6,000 per month for office space,[2] the ability to market personal training services to Powerhouse's members, and the use of Powerhouse's facilities to conduct personal training sessions for Powerhouse members. Custom Built employed the personal trainers, who were not able to use Powerhouse's facilities for personal use by virtue of the rental fees.

Powerhouse reported and paid income tax on the rental fees it received. DOR subsequently issued an assessment against Powerhouse in the amount of $12,207 for unpaid sales tax on the rental fees. Powerhouse challenged the assessment, and the AHC determined that Powerhouse was not liable for the sales tax assessment. DOR has petitioned this Court to review the AHC's decision.

---

[1] All references are to RSMo Supp. 2013 unless otherwise noted. Section 144.020 was amended in 2011 and 2013, but the provisions at issue in this case have remained unchanged.
[2] Custom Built offered Powerhouse two options – a monthly flat fee or percentage of the income it generated from personal training clients. Powerhouse elected the flat fee arrangement.

**Jurisdiction and Standard of Review**

This Court has exclusive jurisdiction in all cases involving the construction of state revenue laws. MO. CONST. art. V, sec. 3. The AHC's decision will be affirmed if: (1) it is authorized by law; (2) it is supported by competent and substantial evidence on the whole record; (3) it does not violate mandatory procedural safeguards; and (4) it is not clearly contrary to the reasonable expectations of the General Assembly. Section 621.193, RSMo 2000; *see Loren Cook Co. v. Dir. of Revenue*, 414 S.W.3d 451, 453 (Mo. banc 2013). This Court reviews the AHC's interpretation of the law *de novo*. *Loren Cook Co.*, 414 S.W.3d at 453.

**Analysis**

The issue in this case is whether the monthly rental fees were taxable under section 144.020.1. This section provides for a sales tax for the privilege of selling tangible personal property or rendering a taxable service at retail in Missouri. It further outlines the rate of tax for different types of transactions. Subdivision two of section 144.020.1, in relevant part, calls for a four percent sales tax on "fees paid to, or in any place of . . . recreation."[3]

DOR argues that the rental fees were subject to sales tax because section 144.020.1(2) applies to *all* fees paid to a place of recreation. DOR is partially correct in this statement. Many cases have noted that section 144.020.1(2) only requires two

---

[3] Gyms like Powerhouse are considered places of recreation and may be subject to sales tax under this section. *See, e.g.*, *Michael Jaudes Fitness Edge, Inc. v. Dir. of Revenue*, 248 S.W.3d 606 (Mo. banc 2008); *Wilson's Total Fitness Ctr., Inc. v. Dir. of Revenue*, 38 S.W.3d 424 (Mo. banc 2001).

elements: (1) that there be fees or charges and (2) that those fees or charges are paid in or to a place of amusement or recreation. *See, e.g.*, *L & R Distrib., Inc. v. Mo. Dep't of Revenue*, 529 S.W.2d 375, 378 (Mo. 1975).

As a threshold matter, however, section 144.020.1 only applies when a taxpayer sells tangible personal property or renders a taxable service at retail. As Powerhouse did not sell Custom Built tangible personal property, the issue is whether the rental fees were for rendering a "taxable service at retail."

To this end, Powerhouse contends that the fees were only rent for the office space and limited use of the fitness equipment when conducting personal training sessions. This is borne out in the record, as there is no indication that Custom Built employees gained private memberships to Powerhouse through the monthly rental fee. DOR contends that the rental fee "involved much more than the simple rental of office space" because Custom Built also received the opportunity to market and sell personal training services to Powerhouse's members and access to its facilities to hold personal training sessions.

As "rendering a taxable service" is not defined in the statute, this Court considers its plain and ordinary meaning. *Conway v. CitiMortgage, Inc.*, 438 S.W.3d 410, 414 (Mo. banc 2014). When used in the phrase "to render a service," the dictionary defines "to render" as "to do (a service) for another." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1922 (1993). The verb "to do" implies there must have been an affirmative act. Here, Powerhouse did not "do" anything for Custom Built but was passive regarding the interactions between Custom Built and its members. Without performing an

affirmative act for Custom Built, Powerhouse did not render any taxable service at retail. Because this threshold requirement of section 144.020.1 is not met, Powerhouse is not liable for sales tax on the monthly rental fees.

## Conclusion

For the foregoing reasons, the AHC's decision is affirmed.

_____
Mary R. Russell, Chief Justice

All concur.