

# SUPREME COURT OF MISSOURI
## en banc

MISS DIANNA'S SCHOOL OF DANCE, )
INC., )
         )
                 Appellant, )
         )
v. )     No. SC95102
         )
DIRECTOR OF REVENUE, )
         )
                 Respondent. )

### PETITION FOR REVIEW OF A DECISION OF THE ADMINISTRATIVE HEARING COMMISSION
The Honorable Karen A. Winn, Commissioner

### *Opinion issued January 12, 2016*

Miss Dianna's School of Dance, Inc., petitions for review of the Administrative Hearing Commission's decision determining that Miss Dianna's is liable for sales tax in the amount of $23,378.97 and use tax in the amount of $605.96, plus interest. Miss Dianna's argues it is not a place of amusement, entertainment, or recreation for purposes of § 144.020.1(2)[1] and, therefore, the Commission erred in holding the fees received by Miss Dianna's for dance classes are subject to sales tax under that statute. Because Miss Dianna's petition involves the construction of a revenue law of this state, this Court has jurisdiction pursuant to article V, section 3 of the Missouri Constitution. The Commission's decision is affirmed.

---

[1] Statutory citations are to RSMo 2000, unless otherwise indicated.

**Factual and Procedural History**

Miss Dianna's charges fees for dance classes that instruct participants, ranging from young children to adults, on various styles of dance. The exhibits before the Commission showed Miss Dianna's website describes the place as "A Dance studio focused on performance quality in a fun and family friendly atmosphere" and proclaims, "We are confident you can find a class that will make you and your family happy!" The exhibits also showed that Miss Dianna's promotional materials, while noting the skill and technique involved in some classes, also emphasize the fun and enjoyment of its classes, including: (1) an all-boys class "full of energy, fun, and structure;" (2) "a fun dance & tumbling class" for parent and young child to participate in together; (3) various youth classes described as "fun classes to add variety to your dancer's week!;" (4) a full-day camp at which "dancers will also be doing crafts and decorating their dance camp shirts;" (5) a musical theater workshop described as "a fun way to develop your dance and acting skills;" (6) various adult classes that invited potential customers to "Take a little 'Me Time' and have some fun with us!;" and (7) an adult tap class in which participants "will be amazed at how fun and athletic tap exercises can be." At the Commission's hearing, Miss Dianna's founder and sole shareholder admitted that participants "get recreation" from the dance classes and that it is her hope and belief that participants have fun while learning dance at Miss Dianna's.

Prior to being audited, Miss Dianna's did not file any sales tax returns, relying on a 2008 Missouri Department of Revenue letter ruling addressed to a different business that stated that the fees charged by that business for dance lessons were not subject to sales

tax. In 2012, the Director of Revenue audited Miss Dianna's for the period between January 1, 2007, and December 31, 2011, and determined that Miss Dianna's failed to collect and remit sales tax and use tax during this period. Miss Dianna's was initially assessed $73,276.21 for unpaid tax and interest, but the Director later withdrew the assessments for years 2007 to 2009 and ultimately sought $28,214.60, plus interest, in unpaid taxes from Miss Dianna's. The Commission held a hearing and determined Miss Dianna's is liable for $23,984.93 in unpaid tax, $18,239.16 of which the Commission attributed to unpaid sales tax on dance lesson fees, with the $5,745.77 remainder attributed to other sales and use taxes. The Commission ruled the dance fees were taxable under § 144.020.1(2) as fees to a place of amusement, entertainment, or recreation:

> As Miss Dianna's Web site attests, it offers fun along with dance instruction. We conclude that entertainment, amusement, and recreation are not a *de minimus* component of Miss Dianna's dance lessons. We find that fees collected for dance instruction at Miss Dianna's are fees paid to, or in, a place of recreation.

Miss Dianna's petition to this Court challenges only this ruling and not the $5,745.77 remainder of sales and use taxes that the Commission held Miss Dianna's liable for on grounds separate and independent from § 144.020.1(2).[2]

---

[2] The remainder was broken down as $3,304.00 in sales tax on costumes, $1,613.39 in sales tax on retail sales, $222.42 in sales tax on miscellaneous items—all transactions taxable pursuant to § 144.020.1(1)—and $605.96 in use tax pursuant to § 144.610.1. Although the Commission's decision states Miss Dianna's costume and other retail sales are "subject to sales tax under § 144.020.1(2)," this appears to be a typographical error and was intended to read "subject to sales tax under § 144.020.1(1)." The Commission had previously noted the Director sought unpaid tax on "tangible personal property taxable under § 144.020.1(1)," and its analysis of Miss Dianna's costume and other retail sales necessarily invokes the substance of § 144.020.1(1), which imposes sales tax on "every retail sale in this state of tangible personal property." *See*

3

## Standard of Review

This Court will uphold the Commission's decision when it is "authorized by law and supported by competent and substantial evidence upon the record as a whole unless clearly contrary to the reasonable expectations of the General Assembly." *801 Skinker Blvd. Corp. v. Dir. of Revenue*, 395 S.W.3d 1, 3–4 (Mo. banc 2013) (internal quotations omitted); *see also* § 621.193. This Court defers to the Commission's findings of fact, but reviews the Commission's determination of issues of law *de novo*. *Michael Jaudes Fitness Edge, Inc. v. Dir. of Revenue*, 248 S.W.3d 606, 608 (Mo. banc 2008).

## Analysis

Section 144.020.1(2) imposes a sales tax "equivalent to four percent of the amount paid for admission and seating accommodations, or **fees paid to, or in any place of amusement, entertainment or recreation**, games and athletic events." (Emphasis added). There are two elements to finding a transaction taxable under § 144.020.1(2): (1) a charge or fee (2) that is paid in or to a place of amusement, entertainment, or recreation. *Fitness Edge*, 248 S.W.3d at 609. The words "amusement," "entertainment," and "recreation" are not defined by statute for purposes of § 144.020.1(2). In such a case, this Court gives the words their plain and ordinary meaning as derived from the dictionary. *Spudich v. Dir. of Revenue*, 745 S.W.2d 677, 680 (Mo. banc 1988). "Amusement" is defined as "pleasurable diversion : entertainment." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 74 (1993). "Entertainment" is defined as "the act of

---

*Fowler Land Co. v. Mo. Dep't of Natural Res.*, 460 S.W.3d 502, 507 n.7 (Mo. App. 2015) (concluding Commission intended a different regulation number in its references and citations because circumstances indicated the Commission had made typographical errors).

4

diverting, amusing, or causing someone's time to pass agreeably : amusement." *Id.* at 757. "Recreation" is defined as "a means of getting diversion or entertainment." *Id.* at 1899. Noticeably, the common thread in all three definitions is that of diversion. Therefore, given the words' plain and ordinary meanings, a "place of amusement, entertainment or recreation" is a place that provides diversion.[3]

Miss Dianna's argues it is not a place of amusement, entertainment, or recreation because "[a]lthough some students are getting exercise, recreation and enjoy dance, Miss Dianna's purpose is to teach, teaching students how to dance; not to amuse, entertain, or provide recreation to students." At one point, this Court held that "application of section 144.020.1(2) turns on the primary purpose of the facility involved." *Columbia Athletic Club v. Dir. of Revenue*, 961 S.W.2d 806, 810 (Mo. banc 1998). This primary-purpose test was short-lived, though, as just three years later this Court reinstated the previous "*de minimus*" test set out in *Spudich*. *See Wilson's Total Fitness Ctr., Inc. v. Dir. of Revenue*, 38 S.W.3d 424, 426 (Mo. banc 2001). It does not matter, therefore, whether Miss Dianna's has a primary purpose of teaching; if "amusement or recreational activities comprise more than a *de minimus* portion of the business activities . . . [it] is considered a place of amusement or recreation" under § 144.020.1(2). *Fitness Edge*, 248 S.W.3d at 609 (internal quotations omitted).

In making a determination under the *de minimus* test, "[e]ach case must be considered on its own particular facts." *Spudich*, 745 S.W.2d at 681 n.1. In *Spudich*, this

---

[3] "Diversion" means "something that turns the mind from serious concerns or ordinary matters and relaxes or amuses." *Id.* at 662.

Court identified three factors to consider: (1) the manner in which the place holds itself out to the public; (2) the amount of revenue generated by amusement or recreational activities at the place; and (3) the pervasiveness of the amusement or recreational activities at the place. *Id.; see also Bolivar Road News, Inc. v. Dir. of Revenue*, 13 S.W.3d 297, 301 (Mo. banc 2000) (applying the same three factors).[4] Here, Miss Dianna's website and promotional materials have consistently emphasized the fun and enjoyment that participants will experience when taking its dance classes, meaning, for purposes of the first factor, Miss Dianna's has held itself out to the public as a place providing diversion, i.e., amusement or recreational activities.

The second and third factors necessarily involve first identifying whether amusement or recreational activities occur at a place and, then, if so, comparing such activities to the place's other business activities. *Bolivar Road News*, 13 S.W.3d at 301. Here, Miss Dianna's concedes that participants get exercise, recreation, and enjoyment from the dance classes—and self-identifies as a place to learn *and* have fun with dance classes—but argues the classes are intended to be educational. But, once again, this argument is simply invoking the rejected primary-purpose test. An activity may be both an educational activity and an amusement or recreational activity at the same time. *Fostaire Harbor, Inc. v. Mo. Dir. of Revenue*, 679 S.W.2d 272, 273 (Mo. banc 1984). This is the case for Miss Dianna's dance classes, which provide diversion along with instruction; the amusement or recreation is intertwined with the education, making them

---

[4] "Other factors may, of course, be considered as circumstances dictate." *Spudich*, 745 S.W.2d at 681 n.1.

6

activities of a dual nature. *See Wilson's Total Fitness*, 38 S.W.3d at 426 (declining to distinguish "between exercise that is primarily focused on health benefits and exercise that is primarily focused on recreation"). It makes no difference that participants go to Miss Dianna's for dance classes, and not "self-directed dancing." *See Fitness Edge*, 248 S.W.3d at 610 (holding there was no legal distinction between a workout facility where clients worked out mainly with personal trainers and one where clients engaged mainly in "self-directed exercise" because section 144.020.1(2) "draws no distinction between whether a person exercises pursuant to a plan of her own devising or under the immediate and direct supervision of a fitness trainer. Rather, the statute states that the tax is due for 'fees paid to, or in any place of amusement, entertainment or recreation . . .' for taxable services offered at retail.").[5]

In comparing the dance classes to Miss Dianna's other business activities (such as costume and other retail sales), the numbers before the Commission reflected that fees for dance classes accounted for nearly two-thirds of Miss Dianna's combined gross income for the relevant years of 2010 and 2011. As such, nearly two-thirds of Miss Dianna's revenue was generated by amusement or recreational activities (and, dually, educational activities). Of course, the record also reflects that dance classes were the most pervasive of Miss Dianna's business activities. Accordingly, the second and third factors also

---

[5] This is not to imply that dance classes are *always* amusement or recreational activities. Under some set of facts it may be possible to identify a dance studio that provides more purely educational dance classes, and not also diversion through amusement or recreational activities, but this is not such a case. *See Spudich*, 745 S.W.2d at 681 n.1 ("We make no attempt in this case to draw a well-defined line of demarcation . . . . Each case must be considered on its own particular facts.").

7

suggest the amusement or recreational activities of Miss Dianna's pass the *de minimus* threshold; therefore, it is considered a place of amusement or recreation for the purposes of § 144.020.1(2).[6]

## Conclusion

Because amusement or recreational activities comprise more than a *de minimus* portion of Miss Dianna's business activities, it is considered a place of amusement or recreation with fees taxable under § 144.020.1(2). *See Fitness Edge*, 248 S.W.3d at 609. Therefore, the Commission's decision is authorized by law and supported by competent and substantial evidence upon the record as a whole. The Commission's decision is affirmed.

_____
Zel M. Fischer, Judge

Breckenridge, C.J., Wilson and Russell, JJ., concur;
Draper, J., dissents in separate opinion filed;
Stith and Teitelman, JJ., concur in opinion of Draper, J.

_____

[6] Miss Dianna's also argues § 144.021.2, RSMo Noncum. Supp. 2015, which became effective August 28, 2015, should preclude a finding of liability. This Court need not address any substantive application of § 144.021.2 to this case because there is no indication the statute was intended to, or must by implication, apply retrospectively. *See Utilicorp United, Inc. v. Dir. of Revenue*, 785 S.W.2d 277, 278 (Mo. banc 1990) ("Where retrospective application against the state is permitted, statutes are construed to operate prospectively, unless legislative intent that they be given retrospective or retroactive operation is expressed by the language of the act, or arises by necessary or unavoidable implication.").



# SUPREME COURT OF MISSOURI
## en banc

MISS DIANNA'S SCHOOL OF DANCE, INC., )
)
)
   Appellant, )
)
v. )    No. SC95102
)
DIRECTOR OF REVENUE, )
)
   Respondent. )

**DISSENTING OPININON**

I respectfully dissent from the principal opinion in that I would find Miss Dianna's School of Dance, Inc. (hereinafter, "School of Dance") is not a place of recreation under the sales tax law, section 144.020.1(2), RSMo 2000.[1] Accordingly, I would reverse the Administrative Hearing Commission's decision.

"Statutes relating to taxation are strictly construed against the taxing authority and in favor of the taxpayer." *Spudich v. Dir. of Revenue*, 745 S.W.2d 677, 680 (Mo. banc 1988). This Court uses a *de minimis* litmus test in determining whether the amusement or recreational activities at a location comprise more than a *de minimus* portion of the business so that the location is considered a place of amusement or recreation. *Michael Jaudes Fitness Edge, Inc. v. Dir. of Revenue*, 248 S.W.3d 606, 609 (Mo. banc 2008). A

---

[1] All further statutory references herein are to RSMo 2000.

place of amusement is a location wherein the "amusement activities comprise more than a *de minimis* portion of the business activities of the location …." *Bolivar Road News, Inc. v. Director of Revenue*, 13 S.W.3d 297, 300 (Mo. banc 2000) (quoting 12 CSR 10-3.176.1(A) (1991)).

The principal opinion states the decision as to whether amusement activities comprise more than a *de minimis* part of the business activity at a particular location should be determined upon each case's own merits and use factors set forth in *Spudich*, 745 S.W.2d at 681 n.1. However, the principal opinion limits its analysis of whether School of Dance is a place of amusement to a list of only three factors. *Slip Op*. at 6. In *Spudich* at footnote number one, this Court stated that the list of factors is not exhaustive and other factors could be used depending on the circumstances of the particular case. *Spudich*, 745 S.W.2d at 681 n.1. Further, this Court noted that it was making "no attempt in this case to draw a well-defined line of demarcation between places of amusement subject to sales tax and those locations in which amusement activity is so insignificant as to escape taxation." *Id.* Hence, it seems that to only look at three limited factors from a footnote in a case that was not attempting to distinguish between locations of amusement subject to sales tax and those not subject to sales tax may not be the most complete analysis.

In determining whether a location is subject to taxation pursuant to section 144.020.1(2), "it is first necessary to define 'amusement activity' and then to determine whether such activity took place at" School of Dance. *Bolivar*, 13 S.W.3d at 301. The principal opinion implies that any dancing is an "amusement activity" because a

2

participant may enjoy the endeavor, no matter what the educational value. I disagree. While dancing may be an enjoyable activity to some, in order to determine whether it is an "amusement activity" needs to be viewed within the context of the facts of the particular case.

There are several cases in which this Court has determined when an "amusement activity" occurred at a business and was more than a *de minimis* activity. In *Bolivar*, the business sold books and videos, but the "amusement activity" at the business location was allowing customers to pay for and watch adult entertainment videos at the business location. *Bolivar*, 13 S.W.3d at 301. In *Wilson's Total Fitness Center, Inc. v. Dir. of Revenue*, 38 S.W.3d 424, 425 (Mo. banc 2001), this Court found that while patrons of the business location sometimes were engaged in activities that were being directed by a personal trainer, patrons also were granted access to the multiple other fitness-related activities. This Court reaffirmed that the "'fine line between exercise that is primarily focused on health benefits and exercise that is primarily focused on recreation' simply cannot be distinguished in a meaningful and consistent manner." *Id.* at 426 (quoting *Columbia Athletic Club v. Dir. of Revenue*, 961 S.W.2d 806, 810 (Mo. banc 1998)). Hence, athletic or fitness clubs are places of recreation because there is more than a *de minimis* recreational aspect to them wherein a patron may engage in some self-directed recreational activity, regardless of any instruction that may occur at the facility. *See Wilson's Total Fitness*, 38 S.W.3d at 426 and *Fitness Edge*, 248 S.W.3d at 609.

School of Dance, on the other hand, holds itself out to the public as a school; it instructs its patrons in the technique of dance. Patrons do and are able to continue their

3

dancing careers on dance teams, on cheerleading squads, and become professional dancers. They also receive college scholarships. School of Dance does not have a patron-directed portion of its business in comparison with the athletic or fitness clubs. School of Dance's patrons are only at School of Dance when they are enrolled in a class to instruct them in a particular style of dance. Classes, while marketed to be "fun,"[2] are limited to participants who have qualified to take a particular class. There was no indication in the record that School of Dance's classes allow its patrons to engage in self-directed dancing. Accordingly, I would find that School of Dance does not engage in an "amusement activity," and, to the extent its patrons experience entertainment, amusement, and recreation while being instructed, it is a *de minimus* component of School of Dance.

### Conclusion

I would find that amusement activities at School of Dance do not comprise more than a *de minimis* part of the business activities of the location. Accordingly, School of Dance is not a place of recreation under the sales tax law, section 144.020.1(2). I would reverse the decision of the Administrative Hearing Commission.

_____
GEORGE W. DRAPER III, JUDGE

---

[2] The mere fact that an activity may be "fun" to a participant does not always equate to a recreational activity. Most people pursue their higher education in an area of study which they deem to be personally "fun," but is not considered a recreational activity.