George W. Draper III, Judge,
dissenting.
I respectfully dissent from the principal opinion in that I would find Miss Dianna’s School of Dance, Inc. (hereinafter, “School of Dance”) is not a place of recreation under the sales tax law, section 144.020.1(2), RSMo 2000.[1] Accordingly, I would reverse the Administrative Hearing Commission’s decision.
“Statutes relating to taxation are strictly construed against the taxing authority and in favor of the taxpayer.” Spudich v. Dir. of Revenue, 745 S.W.2d 677, 680 (Mo. banc 1988). This Court uses a de minimis litmus test in' determining whether the amusement or recreational activities at a location comprise more than a de minimus portion of the business so that the location is considered a place of amusement or recreation. Michael Jaudes Fitness Edge, Inc. v. Dir. of Revenue, 248 S.W.3d 606, 609 (Mo. banc 2008). A place of amusement is ¿ location wherein the “amusement activities comprise more than a de minim-is portion of the business activities of the location.” Bolivar Road News, Inc. v. Director of Revenue, 13 S.W.3d 297, 300 (Mo. banc 2000) (quoting 12 CSR 10-3.176.1(A) (1991)).
The principal opinion states the decision as to whether amusement activities comprise more than a de minimis part of the business activity at a particular location should be determined upon each case’s own merits and use factors set forth in Spudich, 745 S.W.2d at 681 n.l. However, the principal opinion limits its analysis of whether School of Dance is a place of amusement to a list of only three factors. Op. at 408-09. In Spudich at footnote number one, this Court stated that the list of factors is not exhaustive and other factors could be used depending on the circumstances of the particular case. Spudich, 745 S.W.2d at 681 n.1. Further, this Court noted that it was making “no attempt in this case to draw a well-defined line of demarcation between places of amusement subject to sales tax and those locations in which amusement activity is so insignificant as to escape taxation.” Id. Hence, it seems that to only look at three limited factors from- a footnote in a case that was not attempting to distinguish between locations of amusement subject to sales tax and those not subject to sales tax may not be the most complete analysis.
In determining whether a location is subject to taxation pursuant to section 144.020.1(2), “it is fii-st necessary to define ‘amusement activity’ and then to determine whether such activity took place at” School of Dance. Bolivar, 13 S.W.3d at 301. The principal opinion' implies that any dancing is an “amusement activity” because a participant may enjoy the endeavor, no matter what the educational value. I disagree. . While dancing may be an enjoyable activity to some, in order to determine whether it is an “amusement activity’ needs to be viewed within the context of the facts of the particular case.
There • are several cases in which this Court has determined when an “amusement activity” occurred at a business and was more than a de minimis activity. In Bolivar, the business sold books and vid *411 eos, but the “amusement activity” at the business location was allowing customers to pay for and watch adult entertainment videos at the business location. Bolivar, 13 S.W.3d at 301. In Wilson’s Total Fitness Center, Inc. v. Dir. of Revenue, 38 S.W.3d 424, 425 (Mo. banc 2001), this Court found that while patrons of the business location sometimes were engaged in activities that were being directed by a personal trainer, patrons also were granted access to the multiple other fitness-related activities. This Court reaffirmed that the “ ‘fine line between exercise that is primarily focused on health benefits and exercise that is primarily focused on recreation’ simply cannot be distinguished in a meaningful and consistent manner.” Id. at 426 (quoting Columbia Athletic Club v. Dir. of Revenue, 961 S.W.2d 806, 810 (Mo. banc 1998)). Hence, athletic or fitness clubs are places of recreation because there is more than a de minimis recreational aspect to them wherein a patron may engage in some self-directed recreational activity, regardless of any instruction that may occur at the facility. See Wilson’s Total Fitness, 38 S.W.3d at 426 and Fitness Edge, 248 S.W.3d at 609.
School of Dance, on the other hand, holds itself out to the public as a school; it instructs its patrons in the technique of dance. Patrons do and are able to continue their dancing careers on dance teams, on cheerleading squads, and become professional dancers. They also receive college scholarships. School of Dance does not have a patron-directed portion of its business in comparison with the athletic or fitness clubs. School of Dance’s patrons are only at School of Dance when they are enrolled in a class to instruct them in a particular style of dance. Classes, while marketed to be “fun,”[2] are limited to participants who have qualified to take a particular class. There was no indication in the record that School of Dance’s classes allow its patrons to engage in selfdirected dancing. Accordingly, I would find that School of Dance does not engage in an “amusement activity,” and, to the extent its patrons experience entertainment, amusement, and recreation while being instructed, it is a de minimus component of School of Dance.
Conclusion
I would find that amusement activities at School of Dance do not comprise more than a de minimis part of the business activities of the location. Accordingly, School of Dance is not a place of recreation under the sales tax law, section 144.020.1(2). I would reverse the decision of the Administrative Hearing Commission.

. All further statutory references herein are to RSMo 2000.

. The mere fact that an activity may be "fun” to a participant does not always equate to a recreational activity. Most people pursue their higher education in an area of study which they deem to be personally “fun,” but is not considered a recreational activity.